[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 182.]

THE STATE EX REL. SUPERAMERICA GROUP v. LICKING COUNTY BOARD OF
ELECTIONS.

[Cite as State ex rel. SuperAmerica Group v. Licking Cty. Bd. of Elections,
1997-Ohio-347.]

*Mandamus sought to compel Licking County Board of Elections to refuse to certify*
*for referendum ordinance dealing with relator's development plan to*
*construct a convenience store—Writ of prohibition sought to prevent board*
*of elections from placing referendum on November 1997 ballot—Writs*
*denied, when.*

(No. 97-1823—Submitted September 23, 1997—Decided October 1, 1997.)

IN MANDAMUS and PROHIBITION.

_____

{¶ 1} Relator, SuperAmerica Group ("SuperAmerica"), owns land in the village of Granville. In mid-1996, SuperAmerica submitted a development plan to construct a convenience store selling gasoline and other items. In November 1996, the Granville Village Council adopted an ordinance in which it approved SuperAmerica's development plan subject to certain conditions. In December 1996, intervening respondents, Carl Wilkenfeld, James R. Jump, and Mary V. Fellabaum, filed a referendum petition with the village clerk to submit the ordinance to the village electors for their approval or rejection at the November 1997 general election. In February 1997, the village clerk certified referendum petition parts containing approximately three hundred signatures to respondent, Licking County Board of Elections. Also in February 1997, SuperAmerica filed a written protest with the board challenging the validity of the referendum petition. In June 1997, after the board conducted an investigation, it certified the validity of

two hundred sixty-three signatures for the referendum petition, which exceeded the two hundred fifteen signatures required for placing the referendum on the ballot.

**{¶ 2}** In August 1997, over two months after the board's action, SuperAmerica filed a complaint in this court for a writ of mandamus to compel the board to refuse to certify the ordinance for referendum or, alternatively, a writ of prohibition to prevent the board from placing the referendum on the November 1997 ballot. SuperAmerica claimed that the board's certification of the referendum issue was improper because (1) each referendum petition part contained an inaccurate statement and (2) the ordinance was not subject to referendum. After the board filed a timely answer, SuperAmerica failed to file its evidence and merit brief within the period specified by S.Ct.Prac.R. X(9). On August 19, we dismissed SuperAmerica's action for want of prosecution pursuant to S.Ct.Prac.R. X(11).

**{¶ 3}** On August 28, SuperAmerica filed another complaint in mandamus and prohibition in this court. SuperAmerica's complaint is identical to its previous complaint. The board filed an answer and a motion to dismiss. The referendum petitioners filed a motion to dismiss and an answer.

_____

*Porter, Wright, Morris & Arthur* and *John F. Marsh*, for relator.

*Robert L. Becker*, Licking County Prosecuting Attorney, and *David Q. Wigginton*, Assistant Prosecuting Attorney, for respondent Licking County Board of Elections.

*James R. Jump*, for intervening respondents.

_____

**Per Curiam.**

*Referendum Petitioners' Motion to Intervene*

**{¶ 4}** The referendum petitioners request intervention as respondents under Civ.R. 24. They oppose the ordinance passed by the Granville Village Council that approved, subject to certain conditions, SuperAmerica's plan to build a

2

convenience store and gas station. If SuperAmerica is victorious in this case, the referendum election on the ordinance will not be held and SuperAmerica will begin the construction that the referendum petitioners seek to prevent. They thus possess a sufficient interest in this case to intervene. Civ.R. 24(A) and (B). In addition, while SuperAmerica contends that intervention is not warranted because the board adequately represents the referendum petitioners' interests and their defenses are identical to the board's, the referendum petitioners aptly note that SuperAmerica's attack is not limited to matters relating to the validity and sufficiency of the petition. Further, the referendum petitioners' asserted defenses manifestly raise questions of law and fact in common with those raised by the board in this action, as required for permissive intervention under Civ.R. 24(B).

{¶ 5} Therefore, given the liberal construction generally accorded Civ.R. 24 in favor of intervention and the movants' compliance with the mandatory procedural requirements of Civ.R. 24(C), we grant the referendum petitioners' motion and permit them to intervene as respondents in this action. *State ex rel. LTV Steel Co. v. Gwin* (1992), 64 Ohio St.3d 245, 247, 594 N.E.2d 616, 619; cf. *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections* (1995), 74 Ohio St.3d 143, 144, 656 N.E.2d 1277, 1278.

*Res Judicata*

{¶ 6} The board and the referendum petitioners claim that SuperAmerica's action for writs of mandamus and prohibition is barred by *res judicata*.[1] As SuperAmerica concedes, we recently dismissed an identical action by SuperAmerica for want of prosecution when it failed to file its evidence and a merit brief within the period required in expedited election matters. See S.Ct.Prac.R.

---

1. The board also raises this defense in its motion to dismiss. But a motion to dismiss is generally not the proper method to raise the affirmative defense of *res judicata*. *Shaper v. Tracy* (1995), 73 Ohio St.3d 1211, 1212, 654 N.E.2d 1268.

X(9) ("Unless otherwise ordered by the Supreme Court, relator shall file any evidence and a merit brief in support of the complaint within three days following the response * * *.") and S.Ct.Prac.R. X(11) ("Unless all evidence is presented and relator's brief is filed within the schedule issued by the Supreme Court, an original action shall be dismissed for want of prosecution."). In expedited election matters filed in this court, both the schedule and alternative writ contemplated by S.Ct.Prac.R. X(11) are incorporated into S.Ct.Prac.R. X(9). See Staff Commentary to S.Ct.Prac.R. X(9) ("In an expedited election case under the former rules, the Court was required to make a determination promptly under S.Ct.Prac.R. X, Section 5. This virtually always resulted in the grant of an alternative writ and an expedited schedule for the presentation of evidence and briefs. *Since the Court usually grants alternative writs in expedited election cases, this amendment returns to the practice in the pre-1994 rules and incorporates into the rule itself an expedited schedule for the presentation of evidence and briefs*."). (Emphasis added.)

{¶ 7} S.Ct.Prac.R. X(2) provides that all original actions other than habeas corpus filed in this court " 'shall proceed under the Ohio Rules of Civil Procedure, unless clearly inapplicable.' " *State ex rel. Master v. Cleveland* (1996), 75 Ohio St.3d 23, 26, 661 N.E.2d 180, 183; see, also, S.Ct.Prac.R. X(1). Civ.R. 41 governs the dismissal of actions, and Civ.R. 41(B) applies to the involuntary dismissal of actions. Civ.R. 41(B)(3) provides that "[a] dismissal under this subdivision and *any dismissal not provided for in this rule * * * operat[e] as an adjudication on the merits unless the court, in its order for dismissal, otherwise specifies*." (Emphasis added.) By its own terms, Civ.R. 41(B)(3) is not "clearly inapplicable" to dismissals for want of prosecution pursuant to S.Ct.Prac.R. X(11). We dismissed SuperAmerica's complaint under S.Ct.Prac.R. X(11) and did not specify that the dismissal was *not* an adjudication on the merits. Therefore, under Civ.R. 41(B)(3), our dismissal operated as an adjudication on the merits. Civ.R. 41(B)(1)'s

requirement of notice to plaintiff's counsel before dismissal is inapplicable to dismissals under S.Ct.Prac.R. X(11). Cf. *Logsdon v. Nichols* (1995), 72 Ohio St.3d 124, 128, 647 N.E.2d 1361, 1365 ("Generally, notice is a prerequisite to dismissal for failure to prosecute under Civ.R. 41[B][1]."). As noted by respondents, notice of dismissal is, in effect, provided by S.Ct.Prac.R. X(11) itself.

{¶ 8} *Res judicata* consequently bars SuperAmerica's present action. *State ex rel. Gabriel v. Youngstown* (1996), 75 Ohio St.3d 618, 620, 665 N.E.2d 209, 210, quoting *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus (" 'A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.' ").

{¶ 9} While SuperAmerica claims that this violates the fundamental tenet of judicial review in Ohio that fairness and justice are best served when cases are decided on their merits, see *State ex rel. Wilcox v. Seidner* (1996), 76 Ohio St.3d 412, 414, 667 N.E.2d 1220, 1221, fairness and justice are best served here by application of the meritorious defense of *res judicata*. SuperAmerica should have known that S.Ct.Prac.R. X(11) and Civ.R. 41(B)(3) mandated dismissal on the merits of its earlier, identical action for want of prosecution if it failed to file its evidence and brief within the time specified in S.Ct.Prac.R. X(9). As the board asserts, a contrary holding would circumvent S.Ct.Prac.R. XIV(1)(C) ("No pleading, memorandum, brief, or other document may be filed after the filing deadlines imposed by these rules * * *.") by permitting parties to refile and proceed with their original actions following dismissal for want of prosecution.

*Laches*

{¶ 10} The board and referendum petitioners further contend that SuperAmerica's action is barred by laches. The elements of laches are (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4)

prejudice to the other party. *Polo*, 74 Ohio St.3d at 145, 656 N.E.2d at 1279. In election-related matters, extreme diligence and promptness are required. *In re Election of Member of Rock Hill Bd. of Edn.* (1996), 76 Ohio St.3d 601, 606, 669 N.E.2d 1116, 1121. Extraordinary relief has been routinely denied in election-related cases based on laches. *State ex rel. White v. Franklin Cty. Bd. of Elections* (1992), 65 Ohio St.3d 45, 48-49, 600 N.E.2d 656, 659; *Paschal v. Cuyahoga Cty. Bd. of Elections* (1995), 74 Ohio St.3d 141, 142, 656 N.E.2d 1276, 1277.

{¶ 11} In this case, SuperAmerica delayed almost three months from the board's certification to bring this action. SuperAmerica lacks any justifiable excuse for the delay even though it had knowledge of the basis of its claims when the board certified the validity of the petition in early June. Prejudice occurred because SuperAmerica's inexcusable and unreasonable delay made this case an expedited election matter under S.Ct.Prac.R. X(9), thereby restricting respondents' time to prepare and defend against SuperAmerica's claims. In addition, as noted by the board, by the time this case is completely resolved by our issuance of a mandate, the board's ability to prepare, print, and distribute appropriate ballots will be jeopardized due to the expiration of the date to provide absentee ballots. See R.C. 3509.01; S.Ct.Prac.R. XI(4)(A).[2]

{¶ 12} SuperAmerica does not deny that the foregoing elements of laches are evident here. Instead, it contends that (1) laches does not apply as long as an election case is brought within ninety days of the election, and (2) the inaction and delay of the board in certifying the validity of the referendum petition principally contributed to the delay.

---

2. While the referendum petitioners also correctly note that the R.C. 3505.01 date for certifying the ballot form has passed, it does not appear that the mere passage of this date, which affects certification of candidates' names, prejudiced the respondents. Cf. R.C. 3505.06, concerning preparation of ballots on questions and issues.

**{¶ 13}** SuperAmerica's first contention lacks merit because S.Ct.Prac.R. X(9) does not provide or suggest that simply because an election case is filed within ninety days prior to the election, laches is never applicable. Rather, the purpose of S.Ct.Prac.R. X(9) is to incorporate an expedited schedule for the presentation of evidence and briefs in election cases filed in that time period to assist the court in resolving such cases promptly. See, *e.g.*, Staff Commentary to S.Ct.Prac.R. X. Laches may still bar relief in election cases filed within ninety days of an election. See, *e.g., State ex rel. Drew v. Vinton Cty. Bd. of Elections* (1996), 75 Ohio St.3d 1416, 661 N.E.2d 1117; *Polo*.

**{¶ 14}** SuperAmerica's remaining contention concerns the alleged delay of the board of elections in certifying the validity of the referendum petition after it had received it from the Granville Clerk. SuperAmerica's contention lacks merit for the following reasons. First, the ten-day limit specified in R.C. 731.29 refers only to the board's duty to review the petition and attest to the number of electors who signed the petition. It does not restrict the board's separate duties under R.C. 3501.11(K) to "[r]eview, examine, and certify the sufficiency and validity of petitions and nomination papers" and R.C. 3501.39 to consider written protests to petitions, such as the one filed by SuperAmerica. Cf. *State ex rel. Wiliams v. Iannucci* (1988), 39 Ohio St.3d 292, 294, 530 N.E.2d 869, 870. Second, even if the board unnecessarily delayed its certification determination, that delay did not in any way excuse or justify SuperAmerica's own nearly three-month delay in bringing this expedited election case. Third, the referendum petitioners, who also raise laches, were not a party to the claimed delay by the board.

**{¶ 15}** Accordingly, since respondents have established that SuperAmerica failed to exercise the requisite diligence in bringing this expedited election case, laches bars this case.

*Conclusion*

**{¶ 16}** Based on the foregoing, *res judicata* and laches bar SuperAmerica's action. Therefore, we deny the requested writs of mandamus and prohibition.

*Writs denied.*

MOYER, C.J., F.E. SWEENEY and COOK, JJ., concur.

PFEIFER, J., concurs separately.

COOK, J., concurs separately.

RESNICK, J., concurs in judgment only.

DOUGLAS and LUNDBERG STRATTON, JJ., dissent.

_____

**PFEIFER, J., concurring.**

**{¶ 17}** In my view, the writs should be denied because the referendum petition in question did not contain significant inaccuracies and because the ordinance was indeed subject to referendum.

_____

**COOK, J., concurring.**

**{¶ 18}** The staff commentary to S.Ct.Prac.R. X(9) explains why it is unnecessary for this court to grant an alternative writ and issue a briefing schedule before invoking S.Ct.Prac.R. X(11) to dismiss an expedited election matter for want of prosecution:

"Section 9. In an expedited election case under the former rules, the Court was required to make a determination promptly under S.Ct.Prac.R. X, Section 5. This virtually always resulted in the grant of an alternative writ and an expedited schedule for the presentation of evidence and briefs. Since the Court usually grants alternative writs in expedited election cases, the amendment returns to the practice in the pre-1994 rules and *incorporates into the rule itself an expedited schedule for the presentation of evidence and briefs.*" (Emphasis added.)

**{¶ 19}** Accordingly, for expedited election matters, the schedule contemplated in S.Ct.Prac.R. X(11) is the briefing schedule built into S.Ct.Prac.R.

X(9). Moreover, S.Ct.Prac.R. X(9) acts as a substitute for this court's determination under S.Ct.Prac.R. X(5), in effect automatically granting an alternative writ.

**{¶ 20}** By acknowledging the proper interrelation between S.Ct.Prac.R. X(9) and S.Ct.Prac.R. X(11), it becomes clear that S.Ct.Prac.R. X(11) itself provides notice of dismissal for a relator's failure to timely file evidence and a merit brief. Therefore, denial of the writs is proper.

_____

**DOUGLAS, J., dissenting.**

**{¶ 21}** The majority bases its decision to deny the requested writs of mandamus and prohibition on the doctrines of *res judicata* and laches. Because I believe the facts and the law indicate that this matter was decided earlier on procedural grounds, I must respectfully dissent.

**{¶ 22}** In August 1997, relator, SuperAmerica Group, filed a complaint for writ of mandamus and prohibition, case No. 97-1647 ("*SuperAmerica I*"). Because relator did not timely file evidence and a brief, its complaint was dismissed for failure to comply with S.Ct.Prac.R. X(9). It is the majority's contention that because of this earlier dismissal in *SuperAmerica I*, relator's instant action is barred by the doctrine of *res judicata*.

**{¶ 23}** In *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus, this court held that "[a] valid, final judgment rendered *upon the merits* bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." (Emphasis added.) In other words, pursuant to *Grava,* in order to deny relator's instant action on *res judicata* grounds, the dismissal of *SuperAmerica I* had to be an adjudication on the merits. The dismissal of relator's first cause of action was on procedural grounds, *i.e.,* failure to timely file relator's evidence and merit brief under S.Ct.Prac.R. X(9). Therefore, the doctrine of *res judicata* is inapplicable.

{¶ 24} A dismissal can be considered an adjudication on the merits under Civ.R. 41(B)(3). Civ.R. 41(B)(3) provides that "[a] dismissal under this subdivision, and any dismissal not provided for in this rule * * * operat[e] as an adjudication on the merits unless the court, in its order for dismissal, specifies otherwise." Admittedly, the order issued by this court in dismissing *SuperAmerica I* did not specify that the decision was otherwise than on the merits. Presumably because S.Ct.Prac.R. X(9) does not expressly provide for dismissal in the event of noncompliance with its provisions, the majority contends that *SuperAmerica I* was dismissed for want of prosecution pursuant to S.Ct.Prac.R. X(11). In any event, before we can decide if the dismissal of *SuperAmerica I* was or was not an adjudication on the merits, it must first be determined whether the dismissal was proper under Section 11.

{¶ 25} Initially, this court's entry dismissing *SuperAmerica I* makes no reference to S.Ct.Prac.R. X(11). Additionally, S.Ct.Prac.R. X(11) provides that "[u]nless all evidence is presented and relator's brief is filed within the schedule *issued* by the Supreme Court, an original action shall be dismissed for want of prosecution." (Emphasis added.) There was no schedule issued by this court in *SuperAmerica I*.

{¶ 26} The majority contends that the briefing schedule provided by S.Ct.Prac.R. X(9) satisfies the "schedule issued" requirement of Section 11. Assuming *arguendo* this to be correct, the dismissal of *SuperAmerica I* for want of prosecution under S.Ct.Prac.R. X(11) would still be improper. The staff and committee notes to S.Ct.Prac.R. X(11) state in pertinent part that "the Court will dismiss an original action for lack of prosecution if, *after an alternative writ is issued*, the relator fails to file evidence and a brief." (Emphasis added.) No alternative writ was ever issued in *SuperAmerica I*. In short, S.Ct.Prac.R. X(11) contemplates both a briefing schedule being issued and an alternative writ being

granted by the court before a case can be dismissed for want of prosecution. Since neither occurred in *SuperAmerica I*, the dismissal was improper.

{¶ 27} Although the majority states that the dismissal of *SuperAmerica I* was pursuant to S.Ct.Prac.R. X(11), the majority curiously discuss involuntary dismissals under Civ.R. 41(B). Civ.R. 41(B)(1) states in pertinent part that "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court * * * may, *after notice to the plaintiff's counsel*, dismiss an action or claim." (Emphasis added.) The majority contends that the notice requirement under Civ.R. 41(B)(1) does not apply to dismissals in this court while at the same time arguing that Civ.R. 41(B)(3) does apply. The majority cites no cases in support of this novel argument.

{¶ 28} In *Logsdon v. Nichols* (1995), 72 Ohio St.3d 124, 129, 647 N.E.2d 1361, 1365, this court held that "the trial court erred in failing to provide prior notice before dismissing plaintiffs' action with prejudice." Notice of intent to dismiss was never given to relator's counsel in *SuperAmerica I*. Accordingly, the dismissal of *SuperAmerica I* was improper and thus cannot be used as a basis for denying the requested writs on the ground of *res judicata*.

{¶ 29} Alternatively, the majority asserts that the notice requirement under Civ.R. 41(B)(1) is satisfied because notice of dismissal is, in effect, provided by S.Ct.Prac.R. X(11) itself. However, as addressed above, because of the interplay between S.Ct.Prac.R. X(9), X(11), and the staff and committee notes under the rule, it would have been improper to dismiss *SuperAmerica I* pursuant to S.Ct.Prac.R. X(11). Additionally, it can hardly be argued that relator's counsel failed to prosecute *SuperAmerica I* in view of counsel's strict compliance with S.Ct.Prac.R. X(4)(B) in filing a complaint, an affidavit in support of the complaint, and a memorandum in support of the complaint.

**{¶ 30}** The majority additionally proposes that relator's cause of action is barred by the doctrine of laches. For the following reasons I do not believe laches is applicable to this action.

**{¶ 31}** The majority first states that laches bars this action because relator "delayed almost three months from the board's certification to bring this motion." The board of elections certified the validity of signatures on June 2, 1997. This action was filed almost three months after the certification of signatures as the majority points out. However, the majority has conveniently overlooked that *SuperAmerica I* was filed in this court on August 6, 1997, just over two months after the board's action. Regardless, I do not find this "delay" inexcusable or unreasonable as the majority contends. Attorneys need time to meet with their clients, discuss options, negotiate alternative resolutions, formulate legal strategies, research legal issues, and draft pleadings. I would consider this "delay" a reasonable amount of time for an attorney to spend in consultation with his client and in preparation for litigation.

**{¶ 32}** The majority is correct that the filing of an expedited election matter in this court does not preclude application of the doctrine of laches. See *State ex rel. Drew v. Vinton Cty. Bd. of Elections* (1996), 75 Ohio St.3d 1416, 661 N.E.2d 1117, and *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections* (1995), 74 Ohio St.3d 143, 144, 656 N.E.2d 1277, 1278. However, these cases can be distinguished from the present cause of action. In *Drew,* the expedited election action was filed only thirty-six days before the upcoming primary election. In *Polo*, the action was filed thirty-two days before the election. *Polo*, 74 Ohio St.3d at 145, 656 N.E.2d at 1278. *SuperAmerica I* was filed ninety days prior to the upcoming election. This instant action was filed sixty-eight days before the election. The majority cannot seriously contend that an action filed ninety days prior to an election or a second action filed over two months before the election is barred by the doctrine of laches.

If that is the case, then perhaps this court needs to revise its rules governing expedited election matters.

**{¶ 33}** It is "a basic tenet of Ohio jurisprudence that cases should be determined on their merits and not on mere procedural technicalities." *Barksdale v. Van's Auto Sales, Inc.* (1988), 38 Ohio St.3d 127, 128, 527 N.E.2d 284, 285. Based upon the foregoing reasons, I dissent from the majority's decision to deny the requested writs on the grounds of *res judicata* and/or laches.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

_____