OPINION
Plaintiff Superamerica Group, a Division of Ashland Oil, Inc., appeals a summary judgment of the Court of Common Pleas of Licking County, Ohio, refusing to enjoin the Licking County Board of Elections from placing on the November 4, 1997 ballot an issue challenging Granville Village Ordinance #34-96. Appellant assigns four errors to the trial court:
 ASSIGNMENTS OF ERROR
 I. THE LOWER COURT ERRED IN NOT ENFORCING THIS COURT'S DECISION IN KING.
 II. THE LOWER COURT ERRED IN APPLYING THE DOCTRINE OF STARE DECISIS TO BAR PLAINTIFF-APPELLANT'S ACTION FOR INJUNCTION.
 III. THE LOWER COURT ERRED IN APPLYING THE DOCTRINE OF RES JUDICATA TO BAR PLAINTIFF-APPELLANT'S ACTION FOR INJUNCTION.
 IV. THE LOWER COURT ERRED IN RULING THAT PLAINTIFF-APPELLANT HAD AN ADEQUATE REMEDY AT LAW PURSUANT TO OHIO R.C. 3501.39(A)(2).
Appellee Licking County Board of Elections assigns a single error on cross-appeal:
ASSIGNMENT OF ERROR
 I. EXTREME DILIGENCE AND THE PROMPTEST OF ACTION IS REQUIRED IN ELECTION CASES; FAILURE TO COMPLY WITH THIS REQUIREMENT WILL RESULT IN ROUTINE DISMISSAL OF THE CLAIM FOR LACHES.
Both Superamerica and the Board agree there were no genuine disputes as to any material fact, and the court's action was contrary to law.
This action has a tortuous history. On February 1, 1995, the Council of the Village of Granville passed Ordinance #47-94, re-zoning all existing properties south of State Route 16 to the zoning classification of Plan Commercial District (PCD) included in this property is 17.874 acres of land owned by Superamerica. Prior to commencement of any construction, each property owner is required to obtain approval from the Village Council for the final site development plans prepared in accord with village ordinances. On July 15, 1996, Superamerica filed its application with the Granville Planning Commission requesting approval of the development plan for its land. After a public hearing was conducted on August 5, 1996, the Granville Planning Commission recommended the Village Council approve the application with certain conditions. The Village Council conducted another public hearing on November 6, 1996, and thereafter approved Superamerica's application with conditions in Ordinance #34-97. Certain property owners filed an administrative appeal pursuant to R. C. 2506 in the Licking County Court of Common Pleas, and the trial court denied Superamerica's motion to intervene. Eventually, the court dismissed the action.
In King v. The Village of Granville (September 29, 1997), Licking Appellate numbers 97-CA-29 and 97-CA-34, unreported, this court found Granville Village Ordinance #34-97 arose from an administrative act of the Village Council, and not a legislative act. As an administrative act, the ordinance is not subject to referendum. In King, we expressly overruled our previous decision announced in Barsky v. Village of Granville (April 21, 1997), Licking Appellate #97-CA-7, unreported.
During the pendency of the King case, the Board certified the referendum petitions challenging Ordinance #34-96. Fearing this court would not announce its decision in King before the upcoming election, Superamerica commenced an action in the Ohio Supreme Court for mandamus or prohibition in August, 1997. However, Superamerica's counsel failed to submit a timely merit brief and the action was dismissed. When Superamerica attempted to refile its mandamus prohibition petition, the Ohio Supreme Court ruled Superamerica was barred from asserting it because of its previous failure to meet the time guidelines. Pursuant to Civ.R. 41(B), the Supreme Court's dismissal was an adjudication on the merits, which bars all subsequent actions based on any claim arising out of the transaction or occurrence was the subject matter of the previous action, Superamerica v. Licking County Board of Elections
(1997), 80 Ohio St.3d 182 at 185, citations deleted. The Supreme Court held the Superamerica actions for writs of mandamus and/or prohibition are barred by the principles of res judicata andlaches.
Although we find Justice Douglas' dissent instructive, we must follow the Supreme Court's directive. We find the Supreme Court's opinion disposes of all the issues herein, notwithstanding any decision reached by this court. Accordingly, all of appellant's assignments of error are overruled, and cross-appellant's assignment is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
By Gwin, J., Farmer, P.J., and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs to appellant.