[This opinion has been published in *Ohio Official Reports* at Ohio St.3d 187.]

THE STATE EX REL. LANDIS *v.* MORROW COUNTY BOARD OF ELECTIONS ET AL.

[Cite as *State ex rel. Landis v. Morrow Cty. Bd. of Elections*, 2000-Ohio-295.]

*Elections—Candidate for county sheriff—R.C. 311.01(B)(9)(a) requires supervisory experience as peace officer at rank of corporal or above— Previous expedited election case dismissed for want of prosecution— Subsequent action barred by res judicata and lache—S.Ct.Prac.R. X(9) and X(11).*

(No. 00-288—Submitted February 16, 2000—Decided February 18, 2000.)

IN MANDAMUS.

_____

{¶ 1} On January 3, 2000, relator, Rick J. Landis, filed his declaration of candidacy and nominating petition to become the sole Democratic Party candidate for the office of Sheriff of Morrow County, Ohio. On January 14, 2000, following an investigation into Landis's qualifications to be a candidate for sheriff, the director of respondent Morrow County Board of Elections ("board") orally informed Landis that his petition had been rejected. On January 18, 2000, the board gave Landis written reasons for the rejection of his candidacy. Later that same day, at a hearing, the board advised Landis that his employment as a probation officer, bailiff, and chief of court security did not satisfy the R.C. 311.01(B)(9)(a) requirement of supervisory experience as a peace officer at the rank of corporal or above. The next day, Landis received a resolution from the board rejecting his petition.

{¶ 2} On January 25, 2000, Landis filed a complaint in this court (case No. 00-157) for a writ of mandamus to compel respondents—the board and its members and Secretary of State J. Kenneth Blackwell—to certify him as the Democratic candidate for Morrow County Sheriff and to place his name on the March 7, 2000

primary election ballot. Landis also set forth four additional claims for declaratory relief. On February 1, respondents filed answers to the complaint in case No. 00-157. Since Landis had filed an action involving an expedited election matter less than ninety days prior to the election, he was required to file his evidence and brief by February 4. S.Ct.Prac.R. X(9). When Landis failed to do so, we dismissed case No. 00-157 for want of prosecution on February 7 pursuant to S.Ct.Prac.R. X(11).

{¶ 3} On February 9, Landis refiled his action under case No. 00-288. In this second action, Landis requests the same relief that he requested in case No. 00-157, including a writ of mandamus to order the board to certify him as the Democratic candidate for sheriff and cause his name to be placed on the March 7 primary election ballot. Relator also claims that, in the alternative, he is entitled to a writ of mandamus to compel certification of his candidacy for the November 7, 2000 general election.

{¶ 4} This cause is before the court for a consideration of whether Landis can refile his expedited election case after his previous expedited election case was dismissed for want of prosecution.

_____

*James R. Kingsley*, for relator.

*Gregory A. Perry*, Morrow County Prosecuting Attorney, for respondents Morrow County Board of Elections and its members.

*Betty D. Montgomery*, Attorney General, *Arthur J. Marziale, Jr.* and *David S. Timms*, Assistant Attorneys General, for respondent Secretary of State.

_____

*Per Curiam.*

{¶ 5} We deny the writ for the following reasons.

{¶ 6} First, *res judicata* bars Landis's present action. "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction * * * that was the subject matter of the previous

action." *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus. Further, as we held in *State ex rel. SuperAmerica Group v. Licking Cty. Bd. of Elections* (1997), 80 Ohio St.3d 182, 184-186, 685 N.E.2d 507, 509-510, in the absence of any language in the entry to the contrary, a dismissal for want of prosecution of an expedited election matter under S.Ct.Prac.R. X(9) and S.Ct.Prac.R. X(11) operates as an adjudication on the merits that bars the refiling of a second expedited election matter " 'based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.' "[1] *Id.*, 80 Ohio St.3d at 185, 685 N.E.2d at 510, quoting *Grava*, syllabus. These findings additionally bar Landis's alternative claim that he should be placed on the general election ballot in the November 2000 general election because this claim arises from the same occurrence, *i.e.*, the board's January 2000 rejection of his candidacy for sheriff, which was the subject matter of his previously filed case.

{¶ 7} As we observed in *SuperAmerica*, "a contrary holding would circumvent S.Ct.Prac.R. XIV(1)(C) ('No pleading, memorandum, brief, or other document may be filed after the filing deadlines imposed by these rules * * * ') by permitting parties to refile and proceed with their original actions following dismissal for want of prosecution." *Id.*, 80 Ohio St.3d at 186, 685 N.E.2d at 510. Thus, based on *SuperAmerica*, Landis should have been on additional notice that his failure to follow the specific requirements for S.Ct.Prac.R. X(9) would result in dismissal with prejudice of his expedited election case.

{¶ 8} Second, Landis's current action is barred by laches. "Extreme diligence and promptness are required in election matters." (Citations omitted.) *State ex rel. The Ryant Commt. v. Lorain Cty. Bd. of Elections* (1999), 86 Ohio St.3d 107, 113, 712 N.E.2d 696, 701. The manifest purpose of S.Ct.Prac.R. X(9)

---

1. S.Ct.Prac.R. X(11) provides the requisite notice of dismissal for a relator's failure to file evidence and a merit brief. *SuperAmerica*, 80 Ohio St.3d at 185, 685 N.E.2d at 510.

is to "incorporate an expedited schedule for the presentation of evidence and briefs in election cases filed in that time period to assist the court in resolving such cases promptly." *SuperAmerica*, 80 Ohio St.3d at 187, 685 N.E.2d at 511; Staff Commentary to S.Ct.Prac.R. X. This purpose is contravened when relators fail to comply with the expedited briefing and evidence schedule set forth in the rule and then attempt to file a second expedited election case after the first action has been dismissed for want of prosecution. If Landis's second action were to be fully briefed, the time for printing absentee ballots would have passed, see R.C. 3509.01, and the primary election would be just a couple of weeks away.

{¶ 9} In fact, we have held that a delay as brief as *nine days* can preclude our consideration of the merits of an expedited election case. *Paschal v. Cuyahoga Cty. Bd. of Elections* (1995), 74 Ohio St.3d 141, 656 N.E.2d 1276. Here, *twenty-two days* elapsed from the date that Landis initially received written reasons from the board rejecting his petition (January 18, 2000) to the time that he filed his second complaint (February 9, 2000). In sum, by ignoring our Rules of Practice and precedent, Landis has not acted with the extreme diligence and promptness required in election cases.

{¶ 10} Based on the foregoing, because Landis's claims are barred by *res judicata* and laches, we deny the writ.

*Writ denied.*

MOYER, C.J., RESNICK, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment only.

PFEIFER, J., dissents and would grant an alternative writ.

————————————

**DOUGLAS, J., concurring in judgment only**.

**{¶ 11}** I concur in the judgment of the majority to deny the requested writ. However, I do not agree with the majority's reasons for denying the writ. Once again, the majority, erroneously I believe, denies a requested writ on the basis of *res judicata* and laches. I believe that the writ should be denied on the basis that relator clearly does not qualify for the office he seeks given the qualification criteria set forth in R.C. 311.01(B)(9)(a). I continue to adhere to my dissent in *State ex rel. SuperAmerica Group v. Licking Cty. Bd. of Elections* (1997), 80 Ohio St.3d 182, 188, 685 N.E.2d 507, 512, which deals, generally, with both issues of *res judicata* and laches in like original actions.

_____