THE STATE EX REL. LANDIS *v.* MORROW COUNTY BOARD OF ELECTIONS ET AL.

[Cite as *State ex rel. Landis v. Morrow Cty. Bd. of Elections* (2000), 88 Ohio St.3d 187.]

(No. 00–288—Submitted February 16, 2000—Decided February 18, 2000.)

*James R. Kingsley,* for relator.

*Gregory A. Perry,* Morrow County Prosecuting Attorney, for respondents Morrow County Board of Elections and its members.

*Betty D. Montgomery,* Attorney General, *Arthur J. Marziale, Jr.* and *David S. Timms,* Assistant Attorneys General, for respondent Secretary of State.

---

**Per Curiam.** We deny the writ for the following reasons.

First, *res judicata* bars Landis's present action. "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction * * * that was the subject matter of the previous action." *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus. Further, as we held in *State ex rel. SuperAmerica Group v. Licking Cty. Bd. of Elections* (1997), 80 Ohio St.3d 182, 184–186, 685 N.E.2d 507, 509–510, in the absence of any language in the entry to the contrary, a dismissal for want of prosecution of an expedited election matter under S.Ct.Prac.R. X(9) and S.Ct.Prac.R. X(11) operates as an adjudication on the merits that bars the refiling of a second expedited election matter " 'based upon any claim arising out of the

transaction or occurrence that was the subject matter of the previous action.' "[1] *Id.,* 80 Ohio St.3d at 185, 685 N.E.2d at 510, quoting *Grava,* syllabus. These findings additionally bar Landis's alternative claim that he should be placed on the general election ballot in the November 2000 general election because this claim arises from the same occurrence, *i.e.,* the board's January 2000 rejection of his candidacy for sheriff, which was the subject matter of his previously filed case.

As we observed in *SuperAmerica,* "a contrary holding would circumvent S.Ct.Prac.R. XIV(1)(C) ('No pleading, memorandum, brief, or other document may be filed after the filing deadlines imposed by these rules * * *') by permitting parties to refile and proceed with their original actions following dismissal for want of prosecution." *Id.,* 80 Ohio St.3d at 186, 685 N.E.2d at 510. Thus, based on *SuperAmerica,* Landis should have been on additional notice that his failure to follow the specific requirements for S.Ct.Prac.R. X(9) would result in dismissal with prejudice of his expedited election case.

Second, Landis's current action is barred by laches. "Extreme diligence and promptness are required in election matters." (Citations omitted.) *State ex rel. The Ryant Commt. v. Lorain Cty. Bd. of Elections* (1999), 86 Ohio St.3d 107, 113, 712 N.E.2d 696, 701. The manifest purpose of S.Ct.Prac.R. X(9) is to "incorporate an expedited schedule for the presentation of evidence and briefs in election cases filed in that time period to assist the court in resolving such cases promptly." *SuperAmerica,* 80 Ohio St.3d at 187, 685 N.E.2d at 511; Staff Commentary to S.Ct.Prac.R. X. This purpose is contravened when relators fail to comply with the expedited briefing and evidence schedule set forth in the rule and then attempt to file a second expedited election case after the first action has been dismissed for want of prosecution. If Landis's second action were to be fully briefed, the time for printing absentee ballots would have passed, see R.C. 3509.01, and the primary election would be just a couple of weeks away.

In fact, we have held that a delay as brief as *nine days* can preclude our consideration of the merits of an expedited election case. *Paschal v. Cuyahoga Cty. Bd. of Elections* (1995), 74 Ohio St.3d 141, 656 N.E.2d 1276. Here, *twenty-two days* elapsed from the date that Landis initially received written reasons from the board rejecting his petition (January 18, 2000) to the time that he filed his second complaint (February 9, 2000). In sum, by ignoring our Rules of Practice and precedent, Landis has not acted with the extreme diligence and promptness required in election cases.

---

1.  S.Ct.Prac.R. X(11) provides the requisite notice of dismissal for a relator's failure to file evidence and a merit brief. *SuperAmerica,* 80 Ohio St.3d at 185, 685 N.E.2d at 510.

Based on the foregoing, because Landis's claims are barred by *res judicata* and laches, we deny the writ.

*Writ denied.*

MOYER, C.J., RESNICK, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment only.

PFEIFER, J., dissents and would grant an alternative writ.

---

**DOUGLAS, J., concurring in judgment only.** I concur in the judgment of the majority to deny the requested writ. However, I do not agree with the majority's reasons for denying the writ. Once again, the majority, erroneously I believe, denies a requested writ on the basis of *res judicata* and laches. I believe that the writ should be denied on the basis that relator clearly does not qualify for the office he seeks given the qualification criteria set forth in R.C. 311.01(B)(9)(a). I continue to adhere to my dissent in *State ex rel. SuperAmerica Group v. Licking Cty. Bd. of Elections* (1997), 80 Ohio St.3d 182, 188, 685 N.E.2d 507, 512, which deals, generally, with both issues of *res judicata* and laches in like original actions.