OPINION
Appellant/Cross-Appellee Speedway SuperAmerica LLC ("Appellant SuperAmerica") appeals the decision of the Licking County Court of Common Pleas that denied its request for a writ of mandamus. Appellees/Cross-Appellants ("Appellees") James Jump and Carl Wilkenfeld cross appeal the trial court's denial of their motion to intervene and other issues appellees claim the trial court failed to consider at the trial of this matter. The following facts give rise to this appeal. On February 1, 1995, the Council of the Village of Granville passed Ordinance No. 47-94, re-zoning all existing properties south of State Route 16 to the zoning classification of Plan Commercial District ("PCD"). Included in this property is 17.874 acres of land owned by Appellant SuperAmerica. Prior to commencement of any construction, each property owner is required to obtain approval from the Village Council for the final site development plans prepared pursuant to the village ordinances. On November 6, 1996, the Granville Village Council enacted Ordinance Nos. 23-96 and 34-96. Ordinance No. 23-96 approved a PCD for Bob Evans Farms, Inc. Ordinance No. 34-96 approved a development plan for Appellant SuperAmerica. Granville resident, Constance Barsky, appealed approval of Bob Evans' PCD to the trial court under R.C. 2506. Granville residents, Jane King and Brenda Boyle, appealed approval of Appellant SuperAmerica's PCD plan. In both cases, the Village of Granville filed motions to dismiss on the basis that the approval of the PCD's were legislative acts under the Granville Village Charter and therefore, not subject to appeal. On December 30, 1996, the trial court granted the Village of Granville's motions to dismiss finding that the approval by ordinances were legislative acts. The parties appealed the trial court's decisions. On April 21, 1997, we affirmed the trial court's decision, in the Bob Evans' case, finding that approval of Bob Evans' PCD plan was a legislative act. See Barsky v. Village of Granville (Apr. 21, 1997), Licking App. No. 97CA7, unreported. The appeal of the decision in the SuperAmerica case remained pending before this court. On December 5, 1997, Appellees James Jump and Carl Wilkenfeld, on behalf of over three hundred referendum petitioners, filed petitions with the Granville Clerk of Council to refer Ordinance Nos. 23-96 and 34-96 to the electorate at the next general elections to be held on November 4, 1997. On June 2, 1997, the Licking County Board of Elections certified both ordinances to referendum on the November 4, 1997 ballot. Thereafter, Bob Evans and Appellant SuperAmerica filed writs of mandamus and prohibition, in the Ohio Supreme Court, to prevent the Licking County Board of Elections from certifying the ordinances to the ballot. On August 19, 1997, the Ohio Supreme Court dismissed Appellant SuperAmerica's action under S.Ct.Prac.R. X(9) and (11) because it failed to file a timely relator's merit brief. See State ex rel. SuperAmerica Group v. Licking Cty. Bd. of Elections (1997), 79 Ohio St.3d 1474. Nine days later, Appellant SuperAmerica filed another complaint attempting to re-litigate the issues. In the Bob Evans' matter, the Licking County Board of Elections filed a motion to dismiss the complaint for failure to state a claim on which relief could be granted. Appellees James Jump and Carl Wilkenfeld sought to intervene as respondents. On September 3, 1997, the Ohio Supreme Court granted the motion to intervene, but simultaneously granted the Licking County Board of Election's motion to dismiss the complaint. The entry of dismissal was without written opinion. On September 29, 1997, more than three weeks after the Ohio Supreme Court's decision in the Bob Evans' case, we overruled our prior decision in Barsky, and held, in the SuperAmerica case, that the approval of Appellant SuperAmerica's PCD plan was an administrative act, not a legislative act, and reversed and remanded this matter to the trial court for further proceedings. King v. Village of Granville (Sept. 29, 1997), Licking App. Nos. 97CA29, 97CA34, unreported. On October 1, 1997, the Ohio Supreme Court denied Appellant SuperAmerica's re-filed request for writs of mandamus and prohibition finding its dismissal of the case on August 19, 1997, for failure to file a timely merit brief, was a dismissal on the merits and Appellant SuperAmerica's claims were barred by res judicata. State ex rel. SuperAmerica Group v. Licking Cty. Bd. of Elections (1997), 80 Ohio St.3d 182. However, as a result of our decision issued on September 29, 1997, Bob Evans and Appellant SuperAmerica filed new complaints, in the Licking County Court of Common Pleas, seeking to enjoin the referendum election. The trial court consolidated the cases for trial and permitted Appellees Jump and Wilkenfeld to intervene. On October 29, 1997, the trial court filed its judgment entry finding that Bob Evans' and Appellant SuperAmerica's claims were barred by res judicata and that the doctrine of stare decisis required it to follow the Ohio Supreme Court's decision issued on September 3, 1997, as opposed to our decision issued on September 29, 1997. The trial court also found the parties had adequate remedies at law under R.C.3501.39(A)(2). Both Bob Evans and Appellant SuperAmerica filed notices of appeal. However, Bob Evans dismissed its appeal and submitted to the referendum election. On August 13, 1998, we issued our opinion, pertaining to Appellant SuperAmerica's appeal. We affirmed the decision of the trial court specifically addressing the issue of res judicata. SuperAmerica Group v. Licking Cty Bd. of Elections (Aug. 13, 1998), Licking App. No. 97CA131, unreported. Appellant SuperAmerica appealed our decision to the Ohio Supreme Court. Appellant SuperAmerica also filed a motion to stay execution of our judgment and order authorizing the board of elections to count the ballots and certify the results of the election. We granted Appellant SuperAmerica's motion and ordered the board of elections to impound the ballots pending appeal. We subsequently rescinded this order after the Ohio Supreme Court denied Appellant SuperAmerica's request for a further stay of execution. The board of elections certified the results of the election on September 29, 1998. Ordinance No. 34-96, which had approved Appellant SuperAmerica's PCD, was defeated. Thereafter, the Ohio Supreme Court denied jurisdiction and dismissed Appellant SuperAmerica's appeal. Appellant SuperAmerica filed this mandamus action, on April 6, 1999, in the Licking County Court of Common Pleas. The complaint seeks to compel Appellee Village Manager, Joseph Hickman, to issue a zoning certificate for construction of a gas station and convenience store pursuant to Ordinance No. 34-96. Appellees Jump and Wilkenfeld filed a motion to intervene, on behalf of referendum petitioners, who caused Ordinance No. 34-96 to be put to referendum at the November 4, 1997, general election where it was defeated. The trial court issued its judgment entry on June 28, 1999. The court denied Appellant SuperAmerica's writ of mandamus finding the matter res judicata. The trial court also denied Appellees Jump's and Wilkenfeld's motion to intervene finding the motion moot. The trial court filed an amended judgment entry on July 19, 1999. Appellant SuperAmerica filed a timely notice of appeal and Appellees Jump and Wilkenfeld filed a notice of cross appeal. The following issue are before the court for our consideration.
 I. THE TRIAL COURT ERRED WHEN IT FAILED TO ISSUE A WRIT OF MANDAMUS COMPELLING RESPONDENT-APPELLEE TO ISSUE THE ZONING CERTIFICATE TO PETITIONER-APPELLANT.
 Cross Appeal I. THE TRIAL COURT ERRED BY DENYING, IN ITS JUDGMENT ENTRY, PETITIONERS' MOTION TO INTERVENE.
 II. THE TRIAL COURT ERRED BY FAILING TO CONSIDER THE FOLLOWING ISSUES RAISED BY PETITIONERS AT TRIAL.
 I
In its sole assignment of error, Appellant SuperAmerica claims the trial court erred when it failed to issue a writ of mandamus compelling Appellee Joseph Hickman to issue a zoning certificate to Appellant SuperAmerica. We disagree. Appellant SuperAmerica contends that it has a clear legal right to have Appellee Hickman issue a zoning certificate under the village ordinances, including Ordinance No. 34-96, which specifically approved its plans for development of its previously zoned property. Appellant SuperAmerica contends Ordinance No. 34-96 is effective and the referendum vote defeating Ordinance No. 34-96 is void ab initio. In support of this argument, SuperAmerica relies on our decision in King, supra, which overruled our previous decision in Barsky, supra, and held that the passage of Ordinance No. 34-96 arose from an administrative act and therefore, not subject to referendum. In our decision issued on August 13, 1998, Appellant SuperAmerica claimed as error the trial court's refusal to enforce our decision in King, finding the passage of Ordinance No. 34-96 to be an administrative act. We found the trial court properly refused to enforce our decision in King based on the doctrine of res judicata. In reaching this conclusion, we cited to the Ohio Supreme Court's decision in SuperAmerica at 80 Ohio St.3d 182. In that case, the Ohio Supreme Court dismissed SuperAmerica's complaint for writ of mandamus, on the merits, because SuperAmerica failed to timely file its merit brief. Id. at 185-186. Thus, we concluded in our decision issued on August 13, 1998, that the Ohio Supreme Court's decision disposed of all issues, notwithstanding any decision reached by this court. SuperAmerica at Licking App. No. 97CA00131, unreported, at 5. Accordingly, we conclude, based on the doctrine of res judicata, that the trial court properly refused to enforce our decision in King, finding that the passage of the village ordinance, at issue, to be an administrative act by village council. Appellant SuperAmerica also maintains it has no remedy in the course of law even though the Granville Village Code provides for an initial appeal to the Board of Zoning and Building Appeals and subsequent appeal to village council. Appellant claims such an appeal will not be an adequate remedy at law because non-judicial bodies do not have the jurisdiction to resolve constitutional issues. The constitutional issue concerning whether the referendum was properly placed on the ballot has already been decided. Thus, neither the Board of Zoning and Building Appeals nor village council will be required to address this issue. Appellant's sole assignment of error is overruled. We will not address the issues raised by appellees in their cross appeal as we find these issues moot based on our disposition of appellant's sole assignment of error.
For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
HOFFMAN, P.J. and FARMER, J. CONCUR.