[Cite as *Hambuechen v. 221 Market N., Inc.*, 2013-Ohio-3717.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ANA M. HAMBUECHEN | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Respondent- Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| 221 MARKET NORTH, INC. | : | Case No. 2013CA00044 |
| DBA NAPOLI'S ITALIAN EATERY | | |
| | : | |
| Petitioner - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Stark County Court
of Common Pleas, Case Number
2012CV03644

JUDGMENT:                        Reversed and Remanded

DATE OF JUDGMENT:                August 26, 2013

APPEARANCES:

For Respondent-Appellee                For Petitioner-Appellant
Ohio Civil Rights Commission
                                       STANLEY R. RUBIN
WAYNE D. WILLIAMS                      437 Market Avenue North
State Office Building, 11th Floor       Canton, OH 44702
615 W. Superior Ave
Cleveland, OH 44113-1899


For Respondent- Appellee
Ana M. Hambuechen

TODD W. EVANS
4505 Stephen Circle, Suite 101
Canton, OH 44718

*Baldwin, J.*

{¶1}    Appellant 221 Market North, Inc., dba Napoli's Italian Eatery, appeals a judgment of the Stark County Common Pleas Court dismissing its petition for judicial review of a decision of appellee Ohio Civil Rights Commission.

STATEMENT OF FACTS AND CASE

{¶2}    In 2007, appellee Ana M. Hambuechen filed a charge with the Ohio Civil Rights Commission alleging that appellant fired her because she was pregnant.  The Commission issued a complaint charging appellant with a violation of R.C. 4112.02(A).  The case proceeded to trial in front of an administrative law judge, who recommended that the Commission find a violation by appellant.  The Commission made such a finding on November 15, 2012.

{¶3}    On November 26, 2012, appellant filed a petition for judicial review in the Stark County Common Pleas Court pursuant to R.C. 4112.06.  Counsel for appellant served appellees by regular mail rather than through the clerk of courts.

{¶4}    The Commission moved to dismiss the petition for lack of subject matter jurisdiction on December 28, 2012, arguing that appellant had to both file its petition and initiate service through the clerk of courts within 30 days of the Commission's decision.  On December 31, 2012, appellant filed a response to the motion to dismiss and also filed a praecipe for the clerk of courts to serve the petition in accordance with the Civil Rules.

{¶5}    The trial court dismissed the petition, finding that appellant was required to both file its petition and initiate service through the clerk of courts within 30 days of the Commission's decision.  Appellant assigns one error to this Court on appeal:

{¶6}    "THE TRIAL COURT ERRED IN DISMISSING NAPOLI'S APPEAL FROM THE COMMISSION'S ORDER BECAUSE R.C. 4112.06 REQUIRES AN APPEAL BE SERVED THROUGH THE CLERK OF COURTS WITHIN ONE YEAR, NOT 30 DAYS."

{¶7}    R.C. 4112.06 governs an appeal from a decision of the Ohio Civil Rights Commission to the Common Pleas Court, and provides in pertinent part:

{¶8}    "(A)  Any complainant, or respondent claiming to be aggrieved by a final order of the commission, including a refusal to issue a complaint, may obtain judicial review thereof, and the commission may obtain an order of court for the enforcement of its final orders, in a proceeding as provided in this section. Such proceeding shall be brought in the common pleas court of the state within any county wherein the unlawful discriminatory practice which is the subject of the commission's order was committed or wherein any respondent required in the order to cease and desist from an unlawful discriminatory practice or to take affirmative action resides or transacts business.

{¶9}    "(B) Such proceedings shall be initiated by the filing of a petition in court as provided in division (A) of this section and the service of a copy of the said petition upon the commission and upon all parties who appeared before the commission. ***

{¶10}   "(H) If no proceeding to obtain judicial review is instituted by a complainant, or respondent within thirty days from the service of order of the commission pursuant to this section, the commission may obtain a decree of the court for the enforcement of such order upon showing that respondent is subject to the commission's jurisdiction and resides or transacts business within the county in which the petition for enforcement is brought."

{¶11} The sole issue before this court is whether appellant was required to serve all parties within 30 days pursuant to R.C. 4112.06(H), or whether the Civil Rules apply to service, giving appellant one year to perfect service on all parties pursuant to Civ. R. 3(A), which states in pertinent part, "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant[.]" Civ. R. 4(A) provides that upon the filing of the complaint, the clerk shall issue a summons for service upon each defendant listed in the caption.

{¶12} None of the cases cited by the parties directly address the issue before this Court. Nevertheless, it is clear from the case law that service is required to be instituted with the Clerk of Courts in accordance with the Civil Rules. In finding that service was not proper because it was sent by ordinary mail and not served through the clerk within one year, the Court of Appeals for the Eighth District held:

{¶13} "The Rules of Civil Procedure apply to an action commenced in common pleas court pursuant to R.C. 4112.06. *Abbyshire Constr. Co. v. Civil Rights Comm.* (1974), 39 Ohio App.2d 125, 68 O.O.2d 319, 316 N.E.2d 893. R.C. 4112.06 is silent as to whether the petition initiating the appeal must be served through the clerk of courts. However, a *de novo* hearing of a Civil Rights Commission decision on the merits is clearly adversarial in nature. Therefore, Civ.R. 3(A) and Civ.R. 4(A) and (B) apply absent a good and sufficient reason not to apply those rules. We cannot find such good and sufficient reason." *City of Cleveland v. Ohio Civil Rights Comm'n*, 43 Ohio App.3d 153, 156, 540 N.E.2d 278 (1988).

{¶14} The Eighth District reaffirmed this holding in *Donn, Inc. v. Ohio Civil Rights Comm'n*, 68 Ohio App. 3d 561, 565, 589 N.E.2d 110 (1991), stating that R.C. 4112.06

requires service on all parties who appeared before the Commission, and "Civ.R. 3 and 4 further provide that a civil action is commenced by the filing of a complaint with the court and service upon the defendant through the clerk of courts within one year of filing."

{¶15}   If Civil Rules 3 and 4 apply to the commencement and service of a petition filed pursuant to R.C. 4112.06, they apply in their entirety unless the statute clearly indicates otherwise.  R.C. 4112.06(H) provides only that the appeal be filed within thirty days; the statute does not clearly require that service be initiated within thirty days.  Appellee's reliance on *Ramsdell v. Ohio Civ. Rights Comm'n*, 56 Ohio St. 3d 24, 563 N.E.2d 285 (1990), is misplaced.  In *Ramsdell*, the issue was whether Civ. R. 6(E) added three days to the thirty day time period within which a petition must be filed pursuant to R.C. 4112.06(H).  The case did not address the applicability of the Civil Rules to service of a petition filed pursuant to R.C. 4112.06.

{¶16}   The trial court erred in dismissing appellant's petition for judicial review on the basis that the service of the petition was not obtained through the Clerk of Courts within thirty days.   The assignment of error is sustained.   The judgment of the Stark County Common Pleas Court is reversed, and this case is remanded to that court for further proceedings according to law and consistent with this opinion.   Costs assessed to appellee.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.

_____

HON. CRAIG R. BALDWIN

_____

HON. W. SCOTT GWIN

_____

HON. JOHN W. WISE

CRB/rad

[Cite as *Hambuechen v. 221 Market N., Inc.*, 2013-Ohio-3717.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ANA M. HAMBUECHEN | : | |
| | : | |
| Plaintiff - Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| 221 MARKET NORTH, INC. | : | |
| DBA NAPOLI'S ITALIAN EATERY | : | |
| | : | |
| Defendant - Appellant | : | CASE NO. 2013CA00044 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed and remanded. Costs assessed to appellee.

HON. CRAIG R. BALDWIN

HON. W. SCOTT GWIN

HON. JOHN W. WISE