[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.,* Slip Opinion No. 2015-Ohio-241.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-241

CLERMONT COUNTY TRANSPORTATION IMPROVEMENT DISTRICT, APPELLEE, *v.* GATOR MILFORD, L.L.C., APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.,* Slip Opinion No. 2015-Ohio-241.]

*The 30-day time period to file a notice of appeal begins upon service of notice of the judgment and notation of service on the docket by the clerk of courts regardless of actual knowledge of the judgment by the parties.  (State ex rel. Hughes v. Celeste, 67 Ohio St.3d 429, 619 N.E.2d 412 (1993), overruled.)*

(No. 2013-1177—Submitted April 30, 2014—Decided January 29, 2015.)

CERTIFIED by the Court of Appeals for Clermont County, No. CA2013-02-010.

_____

**SYLLABUS OF THE COURT**

The 30-day time period to file a notice of appeal begins upon service of notice of the judgment and notation of service on the docket by the clerk of courts regardless of actual knowledge of the judgment by the parties. (*State ex rel. Hughes v. Celeste*, 67 Ohio St.3d 429, 619 N.E.2d 412 (1993), overruled.)

_____

**O'NEILL, J.**

**{¶ 1}** This case was accepted as a certified conflict between judgments of the Twelfth District Court of Appeals and the Tenth District Court of Appeals on the narrow issue of whether actual knowledge of a trial court's judgment can be a sufficient substitute for service pursuant to Civ.R. 58(B). The Twelfth District certified the issue in conflict as follows:

Whether actual knowledge and receipt of a judgment entry that is a final appealable order begins the 30-day time period during which to file an appeal, or does the 30-day period only begin following service and notation of service on the docket by the clerk of courts?

136 Ohio St.3d 1490, 2013-Ohio-4140, 994 N.E.2d 461.

**{¶ 2}** We agree with the decision reached by the Tenth District in *Whitehall ex rel. Fennessy v. Bambi Motel, Inc.*, 131 Ohio App.3d 734, 723 N.E.2d 633 (10th Dist.1998). Actual knowledge of a judgment is not a sufficient substitute for service of notice of the judgment by the clerk of court's office. There is sound reasoning to support this conclusion. Civ.R. 58(B) requires that service be made by the clerk of courts; there is no stated exception. If we open the door to an exception when the parties have actual knowledge of the judgment,

we would be forcing the appellate courts into the murky area of deciding whether actual knowledge has been established. Appellate courts are not fact-finders, yet they would be forced into that role should the Twelfth District's decision be upheld in this case. This would create an unworkable situation.

{¶ 3} There is no exception to the requirement that when a trial court issues a judgment, the trial court shall issue a directive to the clerk of courts to serve all interested parties and attorneys with that judgment. Pursuant to the Rules of Civil Procedure, the clerk must then indicate on the docket the names and addresses of the parties it is serving the judgment upon, the method of service, and the costs associated with the service. When these steps are followed, there is no question whether service was perfected according to rule.

### Facts and Procedural History

{¶ 4} This is an appropriation action instituted by appellee, Clermont County Transportation Improvement District. Following a jury trial, appellant, Gator Milford, L.L.C., was awarded $366,384 in a judgment dated October 4, 2012. Twelve days later, appellant filed a motion for attorney fees. On November 27, 2012, the trial court entered its judgment denying attorney fees. Within that judgment, there was no instruction to the clerk of courts to serve the entry in accordance with Civ.R. 58(B). Instead, at the end of the entry was a statement from the trial court's bailiff indicating that "copies of the within Decision/Entry were sent via Facsimile/E-Mail/Regular U.S. Mail this 27th Day of November 2012 to all counsel of record and unrepresented parties." Since there was no instruction to the clerk of courts to serve the entry, the clerk neither served the entry nor noted service on the appearance docket. However, the clerk noted that in accordance with the bailiff's phrasing, a copy of the entry had been "distributed to all parties and/or counsel of record." Appellant admits receiving the trial court's opinion. However, based on their understanding of the civil rules, appellant's counsel sent a letter to the trial court judge asking the court to make

the judgment final and appealable. At a hearing in January 2013, the trial court admitted on the record that it had failed to instruct the clerk of courts to serve the November 27, 2012 entry in accordance with Civ.R. 58(B). The trial court judge stated, "[Y]ou were served as a practical matter by my office, but you were not served by the clerk [of courts], which is what's required."

{¶ 5} On January 30, 2013, the trial court expressly ordered the clerk of courts to serve the November 27, 2012 judgment entry. The clerk of courts complied with the trial court's order on that date. On February 4, 2013, appellant filed a notice of appeal from the November 27, 2012 judgment. Appellee filed a motion to dismiss the appeal on March 7, 2013, claiming that it was untimely because it had not been filed within 30 days of the date of judgment. The Twelfth District Court of Appeals granted appellee's motion and dismissed the appeal on May 15, 2013. Appellant then filed a motion to certify a conflict, which was granted by the appellate court.

**Analysis**

{¶ 6} The question at the center of this certified conflict is whether there is an "actual knowledge" exception to the service requirement of Civ.R. 58(B). We answer this question in the negative. Our analysis begins with App.R. 4(A)(1), which provides that an appeal must be filed within 30 days of a final order. However, pursuant to App.R. 4(A)(3), "[i]n a civil case, if the clerk has not completed service of the order within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service." Hence, it is clear that service by the clerk is the triggering event that starts the 30-day appeal period. In this case, the Twelfth District added an unwritten exception to these rules: that actual knowledge can be a substitute for service by the clerk of courts. There is no basis for this and doing so would open a Pandora's Box of problems. There is

4

no authority that permits service to be performed by a bailiff, administrative assistant, law clerk, or any other member of the trial court judge's staff.

{¶ 7}   First, there is no reason to create a new exception to the civil or appellate rules.  Jurisdiction in the court of appeals is based upon a timely filing of a notice of appeal.  Timeliness is defined as 30 days from the date of the final order or from the date that the clerk completes service if service is not completed within three days of entering the judgment on the journal.  App.R. 4(A)(1).  By maintaining a strict 30-day time period, there is no doubt as to when the notice of appeal is due.  The attorneys, the parties, and most importantly the court of appeals know whether the appeal has been filed timely.  There is no guessing. The appellate court is not transformed into a fact-finder in an attempt to determine whether the parties or the attorneys had actual knowledge of the judgment entry. Yet if we accept the premise that actual knowledge is a permissible alternative to service by the clerk of courts, that is the precise position we would be putting all Ohio appellate courts in.  That would be an untenable situation.  The requirement of service by the clerk of courts brings certainty to the appellate process.

{¶ 8}   In *Whitehall*, 131 Ohio App.3d 734, 723 N.E.2d 633, the opinion that is in direct conflict with the Twelfth District's decision in this case, the court noted that the parties might have received a copy of the judgment but held that receipt of that copy was insufficient to begin the running of the 30-day clock.  The court held instead that the time to appeal did not begin to run until the clerk of courts had made a notation of service on the appearance docket.  The court concluded that since the trial court never directed the clerk to give the required notice or make the necessary notation in the appearance docket, the time for appeal never began to run.  *Id.* at 741.  This holding was consistent with those from other districts.  *State ex rel. DelMonte v. Woodmere,* 8th Dist. Cuyahoga No. 83293, 2004-Ohio-2340, ¶ 3 ("Once the clerk has served the parties notice of the entry and made the *appropriate notation in the appearance docket*, notice is

deemed served, and the time for filing the notice of appeal begins to run" [emphasis sic]); *JP Morgan Chase Bank N.A. v. Brown,* 2d Dist. Montgomery Nos. 21853 and 22359, 2008-Ohio-200, ¶ 84, quoting *In re A.A.,* 8th Dist. Cuyahoga No. 85002, 2005-Ohio-2618, ¶ 13 (" 'It is the service of notice, and adequate proof thereof, and not actual notice that is required by Civ.R. 58(B)' "); *Beltz v. Beltz,* 5th Dist. Stark Nos. 2005CA00193 and 2005CA09194, 2006-Ohio-1144, ¶ 74-76; *In re Elliott,* 2004-Ohio-2770, 4th Dist. Washington Nos. 03CA65 and 03CA66, ¶ 13.

{¶ 9} Appellee contends that the outcome of this case is governed by this court's decision in *State ex rel. Hughes v. Celeste,* 67 Ohio St.3d 429, 619 N.E.2d 412 (1993). In that case, Governor Richard Celeste had actual knowledge of a trial court's issuance of a peremptory writ in an original action because the relator's attorney had hand-delivered a copy of the judgment to the Ohio attorney general. The writ was not entered upon the journals of the trial court. The trial court later converted the peremptory writ to an alternative writ based on a clerical error and then reconverted the writ to a peremptory writ. When the governor attempted to appeal the order reconverting the writ to a peremptory writ, the relator argued that the governor was precluded from appealing because he had failed to appeal the original order. The appellate court held that the 30-day appeal period began to run when the attorney delivered the original order to the attorney general. This court affirmed that decision. It is time to overrule that decision.

{¶ 10} We acknowledge that "[s]tare decisis is the bedrock of the American judicial system." *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 1. In light of the fundamental importance of stare decisis to the rule of law, this court, in *Galatis,* adopted a three-prong standard by which to judge whether to abandon a previous decision. *Id.* at paragraph one of the syllabus. However, because we are concerned here with a procedural, as opposed to a substantive, rule, stare decisis plays a reduced role,

and we need not apply the *Galatis* standard before overruling Hughes. *State v. Silverman,* 121 Ohio St.3d 581, 2009-Ohio-1576, 906 N.E.2d 427, ¶ 31-33.

{¶ 11} In *Hughes*, the majority relied in part on Civ.R. 5(B). In contrast to Civ.R. 58(B), which mandates that service be made by the clerk of courts upon the entry of a final judgment, Civ.R. 5(B) allows for service of notice by hand delivery, commercial carrier, facsimile, or e-mail, or by leaving the notice under certain conditions including "in a conspicuous place in the office" of the attorney. However, Civ.R. 5(B) applies only to "pleadings and other papers subsequent to the original complaint." Civ.R. 5(B) does not refer to service of final judgments. Civ.R. 5(B) is not relevant to the discussion of the time for filing an appeal. App.R. 4(A)(1) permits 30 days from entry of a judgment to perfect an appeal, and Civ.R. 58(B) mandates that the clerk of court's office serve the order with an accompanying notation on the appearance docket. E-mails from the bailiff, faxes from the administrative assistant, phone messages from the law clerk, or copies slid under the attorney's office door are unacceptable. We are talking about the very foundation for jurisdiction in the appellate court. It is simply too important to allow for notice in a casual manner. An office of a clerk of courts exists, if for no other reason, to keep an accurate and easily accessible record of what has happened in any given case. This decision allows that office to do its job. The 30-day time period to file a notice of appeal begins upon service and notation of service on the docket by the clerk of courts regardless of actual knowledge by the parties. *Hughes* is hereby overruled.

## Conclusion

{¶ 12} Based upon the foregoing analysis, we reverse the judgment of the court of appeals and remand the cause to the Twelfth District Court of Appeals to reinstate the appeal filed by Gator Milford, L.L.C., on February 4, 2013.

Judgment reversed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

_____

Kegler, Brown, Hill & Ritter Co., L.P.A., John P. Brody, Daniel J. Bennett, and Richard W. Schuermann Jr., for appellee.

Santen & Hughes, William E. Santen Jr., and Brian P. O'Connor, for appellant.

_____