[Cite as *Bank of New York Mellon v. Elliott*, **2015-Ohio-4132.**]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| BANK OF NEW YORK MELLON (fka BANK OF NEW YORK, SUCCESSOR TO JPMORGAN CHASE BANK), AS TRUSTEE, ON BEHALF OF REGISTERED HOLDERS OF SPECIALTY UNDERWRITING AND RESIDENTIAL FINANCE TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-BC2, | : : : : : : : | **O P I N I O N** **CASE NOS.  2014-P-0069 and  2015-P-0019** |
| Plaintiff-Appellant, | : | |
| - vs - | : | |
| CHRISTINE A. ELLIOTT, et al., | : | |
| Defendant-Appellee. | : | |

Civil Appeals from the Portage County Court of Common Pleas, Case Nos. 2009 CV 00930 and 2013 CV 0618.

Judgment: Affirmed.

*Amanda L. Holzhauer* and *Scott J. Kelly,* McGlinchey Stafford, 25550 Chagrin Boulevard, Suite 406, Cleveland, OH 44122 (For Plaintiff-Appellant).

*Ralph C. Megargel,* 231 South Chestnut Street, Ravenna, OH 44266 (For Defendant-Appellee).

DIANE V. GRENDELL, J.

{¶1}  Plaintiff-appellant, Bank of New York Mellon (f.k.a. plaintiff, Bank of New York Trust Co., N.A.), appeals the August 22, 2011 Judgment Order, dismissing its

complaint in Portage County Court of Common Pleas Case No. 2009 CV 00930 for want of prosecution, and the October 16, 2014 Order and Journal Entry, granting summary judgment in favor of defendant-appellee, Christine A. Elliott, in Portage County Court of Common Pleas Case No. 2013 CV 00618. The issue before this court is whether a trial court may properly grant summary judgment in a foreclosure action based on res judicata when the action had been filed previously and dismissed for want of prosecution. For the following reasons, we affirm the Orders of the court below.

**{¶2}** On June 22, 2009, the New York Trust Company filed a Complaint for Foreclosure (Case No. 2009 CV 00930) against Elliott, the State of Ohio Department of Taxation, and the Portage County Treasurer. The Complaint was based on a promissory Note for $100,000, executed by Donald A. Elliott (now deceased) in favor of MILA, Inc., and secured by a Mortgage of property located at 2068 Valley Brook Road, in Streetsboro, Ohio. The New York Trust Company alleged that the Note was in default in the amount of $95,921.81, plus interest since January 1, 2009.

**{¶3}** On July 28, 2009, the New York Trust Company filed a Motion for Default Judgment, based on Elliott's failure to plead.

**{¶4}** On August 19, 2009, Elliott filed a Motion for Leave to Plead, subsequently granted by the trial court.

**{¶5}** On October 19, 2010, the New York Trust Company filed a Notice of Withdrawal of Motion for Default Judgment.

**{¶6}** On July 18, 2011, the trial court issued a Notice of Hearing: "**DEFAULT** IN THE ABOVE ENTITLED CASE HAS BEEN SCHEDULED ON <u>August 08, 2011</u> AT <u>8:30 am</u> * * *."

**{¶7}** On August 22, 2011, the trial court issued the following Judgment Order: "This matter came on before the Court for a Default Hearing on August 22, 2011. The Court finds that the Plaintiff failed to appear; therefore, the case is dismissed for want of prosecution."

**{¶8}** On June 13, 2013, New York Mellon filed a Complaint for Foreclosure (Case No. 2013 CV 00618) against Elliott and the Portage County Treasurer. The Complaint was based on a promissory Note for $100,000, executed by Donald A. Elliott (now deceased) in favor of MILA, Inc., and secured by a Mortgage of property located at 2068 Valley Brook Road, in Streetsboro, Ohio. The New York Trust Company alleged that the Note was in default in the amount of $95,921.81, plus interest since January 1, 2009.

**{¶9}** On September 3, 2013, Elliott filed her Answer, raising, as an affirmative defense, the claim that New York Mellon's claims "are barred by the principal of collateral estoppel--*res judicata*" in that the August 22, 2011 Judgment Order was "an adjudication on its merits by operation of Civ.R. 41(B)(3)."

**{¶10}** On August 13, 2014, Elliott filed a Motion for Summary Judgment, based upon the affirmative defense of res judicata. Elliott maintained that the August 22, 2011 Judgment Order in Case No. 2009 CV 00930 was on the merits pursuant to Civil Rule 41(B)(3): "A dismissal under division (B) of this rule [Involuntary dismissal] and any dismissal not provided for in this rule * * * operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies."

**{¶11}** On August 28, 2014, New York Mellon filed a Brief in Opposition. New York Mellon contended that, assuming that the trial court in Case No. 2009 CV 00930 intended the dismissal to be with prejudice, the court failed to provide notice as required by Civil

3

Rule 41(B)(1): "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

{¶12} On September 2, 2014, Elliott filed a Brief in Reply, to which were attached the affidavits of Elliott and her trial counsel from Case No. 2009 CV 00930. Both Elliott and her counsel stated that, during the August 22, 2011 default hearing, the trial court judge contacted "Plaintiff's counsel from the bench on the telephone" and advised counsel "that if neither counsel no[r] Plaintiff appeared for hearing that the matter would be dismissed."

{¶13} On October 16, 2014, the trial court issued an Order and Journal Entry, granting Elliott's Motion for Summary Judgment. The Order stated as follows:

> In 2009 Plaintiff filed for foreclosure against Defendant in *The Bank of New York Mellon[1] v. Christine A. Elliott*, Portage CP Case No. 2009 CV 0930. As Defendant had not filed an answer, Plaintiff moved this Court to set a default hearing against Defendant. Defendant appeared at hearing with counsel, but Plaintiff's counsel did not appear. So the Court immediately telephoned Plaintiff's counsel from the bench to inform counsel that the case would be dismissed for failure to appear. Plaintiff's counsel responded that he would not appear and the case could be dismissed. The 2009 case was promptly "dismissed for want of prosecution." Plaintiff did not file an appeal of that dismissal.

---

1. Actually, New York Trust Company as noted above.

4

* * * As this Court has previously rendered a valid judgment on Plaintiff's claims in the 2009 case, the doctrine of *res judicata* now bars Plaintiff's present action after judgment has been rendered against it in the prior case.

{¶14} On November 17, 2014, New York Mellon appealed the October 16, 2014 Order and Journal Entry in Case No. 2013 CV 00618, which was assigned Appeal No. 2014-P-0069.

{¶15} On February 17, 2015, New York Mellon appealed the August 22, 2011 Judgment Order in Case No. 2009 CV 00930, which was assigned Appeal No. 2015-P-0019.

{¶16} On March 5, 2015, this court issued a Magistrate's Order consolidating the appeals "for all purposes."

{¶17} On March 16, 2015, Elliott filed a Motion to Dismiss Appeal No. 2015-P-0019, on the grounds that it was untimely pursuant to Appellate Rule 4(A)(1).

{¶18} On March 26, 2015, New York Mellon filed its Opposition to Motion to Dismiss. New York Mellon argued that the time for filing an appeal from the August 22, 2011 Judgment Order never began to run as "no notation of service appears on the Trial Court's docket with respect to the judgment appealed," as required by Civil Rule 58(B).

{¶19} On April 6, 2015, Elliott withdrew her Motion to Dismiss in light of the Ohio Supreme Court's Decision in *Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.*, 141 Ohio St.3d 542, 2015-Ohio-241, 26 N.E.3d 806: "The 30-day time period to file a notice of appeal begins upon service of notice of the judgment and notation of

5

service on the docket by the clerk of courts regardless of actual knowledge of the judgment by the parties." *Id.* at syllabus.

**{¶20}** On appeal, New York Mellon raises the following assignments of error:

**{¶21}** "[1.] The Trial Court erred when it dismissed BNY Mellon's complaint in Portage County Court of Common Pleas Case No. 2009CV0930 under Rule 41(B)(1) without providing reasonable notice to BNY Mellon that would permit BNY Mellon to defend against such dismissal with prejudice."

**{¶22}** "[2.] The Trial Court erred when it dismissed BNY Mellon's complaint in Portage County Court of Common Pleas Case No. 2009CV0930 under Rule 41(B)(1) without providing the appropriate analysis and factors as required by binding case law with respect to dismissal with prejudice."

**{¶23}** "[3.] The Trial Court erred when it dismissed BNY Mellon's complaint in Portage County Court of Common Pleas Case No. 2009CV0930 under Rule 41(B)(1) without facts on the record that would establish that BNY Mellon's actions were 'extreme' or in 'bad faith' and where the Trial Court had less reasonable sanctions at its disposal."

**{¶24}** "[4.] The Trial Court erred when it considered the personal recollection of the Trial Court Judge, such recollection not appearing anywhere on the record and not being subject to cross-examination by BNY Mellon, in granting Defendant-Appellee's Motion for Summary Judgment on BNY Mellon's complaint in Portage County Court of Common Pleas Case No. 2013CV0618."

**{¶25}** The standard of review for the dismissal of a complaint for failure to prosecute is abuse of discretion. *Jones v. Hartranft*, 78 Ohio St.3d 368, 371, 678 N.E.2d

6

530 (1997). The standard of review for the granting of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶26} This court will often consider the assignments of error in a particular order for the sake of clarity or convenience. In the present case, the order in which we address the assignments materially affects the outcome of the appeal. New York Mellon urges this court to first consider and reverse the voluntary dismissal order and, thereupon, vacate the grant of summary judgment as there would no longer be a valid underlying judgment to support an application of res judicata. Elliott would have this court first affirm the grant of summary judgment and thereby render consideration of the dismissal order moot. This court is aware of no controlling authority as to how to proceed in the given circumstances. For the following reasons, we will first consider the grant of summary judgment in Case No. 2009 CV 00930.

{¶27} New York Mellon is solely responsible for allowing Case No. 2013 CV 00618 to proceed to judgment based on the dismissal with prejudice in Case No. 2009 CV 00930. New York Mellon made no effort to appeal the dismissal of the initial foreclosure action. The res judicata defense was raised by Elliott within a month of the filing of the second foreclosure action, in a Motion to Dismiss pursuant to Civil Rule 12(B)(1) and (6). Although this Motion was properly denied, *Monroe v. Forum Health*, 11th Dist. Trumbull No. 2012-T-0026, 2012-Ohio-6133, ¶ 42 (res judicata is not properly raised in a motion to dismiss), New York Mellon was aware at this point of the issue with the prior judgment.

{¶28} In defending against Elliott's Motion for Summary Judgment, New York Mellon relied on the erroneous belief that a dismissal for want of prosecution was not on the merits, despite the plain language of Civil Rule 41(B)(3) that a dismissal for want of

7

prosecution "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." As evidenced by its Brief in Opposition to Summary Judgment, New York Mellon was also aware that the dismissal Order was vulnerable to the claim that it was issued without notice, and that the Order was subject to vacation through a Civil Rule 60(B) motion or to reversal through a direct appeal, given that "the Clerk of Courts never sent a Civ.R. 58(B) notice to the Plaintiff [in the 2009 case]."

{¶29} New York Mellon did not take any action to negate the effect of the prior dismissal, relying instead on the fact that it was arguably without notice and could be vacated or appealed. Yet the fact that the dismissal could be appealed did not mitigate its preclusive effect in Case No. 2013 CV 00618. The same rule which tolls the time for filing a notice of appeal where the clerk fails to serve notice also provides that "[t]he failure of the clerk to serve notice does not affect the validity of the judgment." Civ.R. 58(B). Until New York Mellon actually appealed the dismissal Order, it constituted a valid judgment on the merits of the foreclosure action and the trial court cannot be faulted for considering the dismissal in its application of res judicata.

{¶30} We further note that the reversal of the dismissal of the prior foreclosure would not have automatically entitled New York Mellon to a reversal of the summary judgment in the subsequent foreclosure. On this issue, the Ohio Supreme Court has held that "[a] judgment based on an earlier judgment is not nullified automatically by reason of the setting aside, or reversal on appeal, or other nullification of that earlier judgment; but *the later judgment may be set aside, in appropriate proceedings * * *.*" (Emphasis sic.) *State ex rel. Denton v. Bedinghaus*, 98 Ohio St.3d 298, 2003-Ohio-861, 784 N.E.2d 99, ¶ 15, quoting 1 Restatement of the Law 2d, Judgments, Section 16 (1982).

8

{¶31} Although we are aware of no controlling authority, the Ohio Supreme Court has considered a party's dilatoriness in asserting its rights in the application of res judicata.

{¶32} In *State ex rel. SuperAmerica Group v. Licking Cty. Bd. of Elections*, 80 Ohio St.3d 182, 685 N.E.2d 507 (1997), the Supreme Court considered successive complaints for mandamus in an election-related case. The first was dismissed for want of prosecution. The court held that the second complaint was barred by both res judicata and laches. With respect to the former, the court, while acknowledging "the fundamental tenet of judicial review in Ohio that fairness and justice are best served when cases are decided on their merits," held that "fairness and justice are best served here by application of the meritorious defense of *res judicata.*" *Id.* at 185. With respect to the latter, the court faulted relator for its delay in bringing the action, noting the lack of "any justifiable excuse for the delay even though it had [prior] knowledge of the basis of its claims * * *." *Id.* at 186.

{¶33} In *Anderson v. Richards*, 173 Ohio St. 50, 179 N.E.2d 918 (1962), the plaintiffs in a civil action filed an appeal which was dismissed for want of prosecution. They subsequently filed a motion for new trial with leave of the trial court which resulted in a second appeal being brought. The Supreme Court held the second appeal barred by res judicata: "[T]he doctrine of *res judicata* is broad enough to preclude the presenting of any matter which could have been presented in the first appeal. If such dismissal were not *res judicata*, then the defendant, who obtained judgment in the trial court, would be deprived of the benefit of that judgment by the act of the losing party in appealing and in

9

disregarding the appeal until a much later time.   This is repugnant to settled judicial principles." *Id.* at 53.

**{¶34}** We now address the merits of the present appeal.

**{¶35}** In its fourth assignment of error (the only one pertaining to Case No. 2013 CV 00618), New York Mellon argues the trial court erroneously relied, "at least in part," on the trial court judge's "own personal recollection of his conversation with BNY Mellon's counsel" in granting summary judgment, specifically the recollection that "Plaintiff's counsel responded * * * that he would not appear and that the case could be dismissed." Appellant's Brief at 14.  New York Mellon asserts that the judge's recollection in the prior case could not be judicially noticed.

**{¶36}** The Ohio Supreme Court has identified the following elements as necessary "for the issue-preclusion prong of res judicata: '(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.'" *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 84, quoting *Hapgood v. Warren*, 127 F.3d 490, 493 (6th Cir.1997); *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), paragraph one of the syllabus.

**{¶37}** The trial court judge's recollection that the prior action had been dismissed with the implicit consent of trial counsel is irrelevant for the application of res judicata. Rather, the relevant facts were that a prior, valid decision on the merits existed involving the same parties or their privies, raising the same claims, and arising out of the same

10

underlying facts as the present action. The judge's recollection of the circumstances of the prior dismissal does not constitute reversible error.

{¶38} The fourth assignment of error is without merit.

{¶39} Our disposition of the fourth assignment of error renders consideration of the first three assignments of error moot, inasmuch as the reversal of the prior dismissal cannot upset the finality of the judgment in Case No. 2013 CV 00618.

{¶40} For the foregoing reasons, the Judgment Order in Case No. 2009 CV 00930, dismissing New York Mellon's foreclosure action for want of prosecution, and the October 16, 2014 Order and Journal Entry in Case No. 2013 CV 00618, granting summary judgment in favor of Elliott, are affirmed. Costs to be taxed against appellant.


COLLEEN MARY O'TOOLE, J., concurs,

THOMAS R. WRIGHT, J., concurs in judgment only.