[Cite as *Hendy v. Ohio Civ. Rights. Comm.*, 2020-Ohio-5415.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| CARY HENDY | C.A. No.    29043 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| OHIO CIVIL RIGHTS COMMISSION | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No.    CV-2017-10-4426 |

DECISION AND JOURNAL ENTRY

Dated: November 25, 2020

TEODOSIO, Judge.

{¶1}    Cary Hendy appeals the judgment of the Summit County Court of Common Pleas dismissing his petition for judicial review of an order issued by the Ohio Civil Rights Commission. We reverse.

I.

{¶2}    In 2015, the Fair Housing Contact Service ("FHCS") filed a charge of discrimination with the Ohio Civil Rights Commission ("OCRC") against Cary Hendy for housing practices in violation of R.C. 4112.02(H).  On September 28, 2017, the OCRC issued an order requiring Mr. Hendy to cease and desist from all discriminatory practices in violation of R.C. 4112, to pay actual and punitive damages to the FHCS, and to receive training in Ohio's anti-discrimination fair housing laws.

{¶3}    On October 23, 2017, Mr. Hendy filed a petition for judicial review of the OCRC's order with the Summit County Court of Common Pleas.  Attached to the petition was a certificate

of service indicating, in pertinent part, that the petition had been sent by regular mail to the FHCS. On April 19, 2018, the Court of Common Pleas dismissed Mr. Hendy's petition for lack of jurisdiction, concluding that Mr. Hendy had failed to perfect his appeal in accordance with R.C. 4112.06. Mr. Hendy now appeals to this Court, raising five assignments of error, which have been reordered for the purposes of our analysis.

## II.

### ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN THE REASON IT STATES FOR DISMISSAL OF THE JUDICIAL REVIEW AS "THE COURT FINDS THAT HENDY DID NOT PROPERLY PERFECT HIS APPEAL AS REQUIRED BY R.C. 4112.06 AND THEREFORE DOES NOT HAVE SUBJECT MATTER JURISDICTION TO CONSIDER HIS APPEAL."

{¶4} In his second assignment of error, Mr. Hendy argues the trial court erred in dismissing his appeal for lack of subject matter jurisdiction on the grounds that he had not properly perfect the appeal under R.C. 4112.06. We agree.

{¶5} The dismissal of a case for lack of subject matter jurisdiction "'inherently raises questions of law,'" which requires a de novo review. *Servpro v. Kinney*, 9th Dist. Summit No. 24969, 2010-Ohio-3494, ¶ 11, quoting *Exchange St. Assocs., L.L.C. v. Donofrio*, 187 Ohio App.3d 241, 2010-Ohio-127, ¶ 4 (9th Dist.). "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

{¶6} "[W]hen the right to appeal is conferred by statute, an appeal can be perfected only in the manner prescribed by the applicable statute." *Welsh Dev. Co. Inc. v. Warren Cty. Regional Planning Comm.*, 128 Ohio St.3d 471, 2011-Ohio-1604, ¶ 14. R.C. 4112.06 provides:

(A) Any complainant, or respondent claiming to be aggrieved by a final order of the commission, including a refusal to issue a complaint, may obtain judicial review

thereof, and the commission may obtain an order of court for the enforcement of its final orders, in a proceeding as provided in this section. Such proceeding shall be brought in the common pleas court of the state within any county wherein the unlawful discriminatory practice which is the subject of the commission's order was committed or wherein any respondent required in the order to cease and desist from an unlawful discriminatory practice or to take affirmative action resides or transacts business.

(B) Such proceedings shall be initiated by the filing of a petition in court as provided in division (A) of this section and the service of a copy of the said petition upon the commission and upon all parties who appeared before the commission.

\* \* \*

(H) If no proceeding to obtain judicial review is instituted by a complainant, or respondent within thirty days from the service of order of the commission pursuant to this section, the commission may obtain a decree of the court for the enforcement of such order upon showing that respondent is subject to the commission's jurisdiction and resides or transacts business within the county in which the petition for enforcement is brought.

R.C. 4112.06(H) thus imposes a mandatory thirty-day time limit for filing appeals from orders issued by the Ohio Civil Rights Commission. *Ramsdell v. Ohio Civ. Rights Comm.*, 56 Ohio St.3d 24, 25 (1990).

{¶7} In its order dismissing Mr. Hendy's petition, the trial court concluded that under R.C. 4112.06, Mr. Hendy was required to serve all parties appearing before the commission within 30 days of OCRC's final order, and that service needed to have been made through the clerk of courts. Because Mr. Hendy did not serve or attempt to serve the FHCS through the clerk of courts within the 30-day time period, the trial court dismissed the petition for lack of jurisdiction.

{¶8} In dismissing Mr. Hendy's appeal, the trial court relied upon the Eighth District Court of Appeals' decision in *Muhammad v. Ohio Civ. Rights Comm.*, 8th Dist. Cuyahoga No. 99327, 2013-Ohio-3730. In *Muhammad*, the appellant had filed a petition for judicial review of an order issued by the OCRC with a court of common pleas. *Id.* at ¶ 4. The trial court dismissed the petition due to the appellant's failure to initiate service, within 30 days of the final order

through the clerk of courts, on a party that had appeared before the commission. *Id.* at ¶ 13. In affirming the decision of the trial court, the Eighth District Court of Appeals noted that R.C. 4112.06(H) imposed a 30-day time limit for filing an appeal of an OCRC decision. *Id.* at ¶ 19-20. The Court also determined that service of the petition must be made through the clerk of courts in accordance with the Civil Rules of Procedure. *Id.* at ¶ 21-22. From this, the Court concluded that because the appellant had not initiated service through the clerk of courts on a necessary party within the requisite 30-day time period, the trial court had lacked jurisdiction over the petition and properly dismissed the action. *Id.* at ¶ 22.

{¶9} Subsequent to the *Muhammad* decision, the Supreme Court of Ohio decided *Hambuechen v. 221 Mkt. N., Inc.*, the facts of which were set forth as follows:

> On November 26, 2012, the employer filed a petition for judicial review in the Stark County Court of Common Pleas pursuant to R.C. 4112.06. On the petition, the employer's attorney certified that he had mailed copies of the petition to the commission and to attorneys for the commission and Hambuechen, but he did not file a praecipe for service on the parties with the clerk of the common pleas court. On December 28, 2012, the commission moved to dismiss the petition for lack of subject-matter jurisdiction, arguing that the employer had failed to properly initiate service by the clerk within 30 days of the date the commission's order was mailed. On December 31, 2012, 35 days after the petition for review of the commission's order was filed, the employer filed a praecipe for service with the clerk of courts. The employer filed a response to the commission's motion to dismiss claiming that according to Civ.R. 3(A), service must be obtained within one year. The common pleas court granted the commission's motion to dismiss after concluding that the petition for review was not timely served on the parties.
>
> The employer appealed the common pleas court's decision to the Fifth District Court of Appeals on March 5, 2013. The Fifth District reversed the decision of the common pleas court, holding that under the Rules of Civil Procedure, the employer had one year to perfect service through the clerk of the common pleas court. 5th Dist. Stark No. 2013CA00044, 2013-Ohio-3717, 2013 WL 4680453.

*Hambuechen v. 221 Mkt. N., Inc.*, 143 Ohio St.3d 161, 2015-Ohio-756, ¶ 4-5.

{¶10} In *Hambuechen*, as in the case sub judice, the petitioner failed to initiate service through the clerk of courts on all parties appearing before the commission within 30 days of the

order issuing from the Ohio Civil Rights Commission. Likewise, the petitioner in both cases attached a certificate of service indicating that a copy of the petition was sent to the unserved parties by regular mail.

{¶11} In affirming the Fifth District's reversal of the Common Pleas Court, the Supreme Court of Ohio held:

> The Rules of Civil Procedure apply to proceedings initiated pursuant to R.C. 4112.06; therefore, the petition for review of an order of the Civil Rights Commission must be served by a clerk of courts on all parties who appeared before the commission and on the commission itself within one year of the date that the petition was filed, as required by Civ.R. 3(A).

*Hambuechen* at syllabus. The *Hambuechen* Court further explained its rationale:

> The office of the clerk of courts exists for a reason. The use of a central office brings stability to the system. The judicial system and the public thus have a concrete method of knowing when a document has been filed, who has been served with that document, and how that document was served. As this court recently reasoned in *Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.*, 141 Ohio St.3d 542, 2015-Ohio-241, 26 N.E.3d 806, ¶ 2, "actual knowledge" is never a substitute for service by the clerk of courts.

*Id.* at ¶ 10. Thus, although the *Hambuechen* Court concluded that service of the petition must be accomplished through the clerk of courts, it did not find the failure to initiate service through the clerk of courts within 30 days fatal to its jurisdiction; rather, the Court determined the petitioner had one year to accomplish service.

{¶12} In the case sub judice, we must also consider the fact that although Mr. Hendy indicated regular mail service on the FHCS, he did not formally name the FHCS as a party. In our review of R.C. 4112.06, we find nothing to indicate that the formal naming of all parties appearing before the commission is a jurisdictional requirement. Rather, with regard to such parties, R.C. 4112.06(B) states only that service of a copy of the petition be made "upon the commission and upon all parties who appeared before the commission." R.C. 4112.06(B). *See generally Mason*

*City School Dist. Bd. of Edn. v. Warren Cty. Bd. of Revision*, 138 Ohio St.3d 153, 2014-Ohio-104, ¶ 17 (stating in the context of tax appeals under R.C. 5717.03 that "identifying a party as an appellee in the notice of appeal is not a jurisdictional requirement; it is jurisdictionally sufficient if the party is served").

{¶13} The determination that the failure to formally name a party is not jurisdictionally fatal to an action is generally consistent with the approach taken by the Ohio Rules of Appellate Procedure. *See* App.R. 3(A) ("Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal."). It is also consistent with Ohio courts' treatment of indispensable parties. *See State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 81 (1989) ("Ohio courts have eschewed the harsh result of dismissing an action because an indispensable party was not joined, electing instead to order that the party be joined pursuant to Civ.R. 19(A) (joinder if feasible), or that leave to amend the complaint be granted." (citations omitted)).

{¶14} We conclude that failure to formally name the FHCS as a party did not deprive the Court of Common Pleas of jurisdiction. Furthermore, in accordance with *Hambuechen*, Mr. Hendy was required to accomplish service on all parties who appeared before the commission and on the commission itself, through the clerk of courts, within one year of the date that the petition was filed. Because the Court of Common Pleas dismissed the action prior to the expiration of the one-year time limitation for serving FHCS, its dismissal for lack of jurisdiction was premature.

{¶15} Mr. Hendy's second assignment of error is sustained.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT INCORRECTLY DISMISSE[D] THE JUDICIAL REVIEW OF A FINAL COMMISSION ORDER WRITING THAT IT "DOES NOT HAVE SUBJECT MATTER JURISDICTION."

ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED BY NOT CITING WHAT SPECIFIC RULES IN OHIO RULES OF CIVIL PROCEDURE ALLEGEDLY DID NOT COMPORT WITH AS TO WHAT WAS "INFERRED" BY R.C. 4112.06, THE DIRECTIVE A PETITIONER MUST FOLLOW.

ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT, AND ITS CITED APPELLATE RENDERING, HAS ERRED IN STATING "THAT A PARTY BEFORE THE COMMISSION MUST BE NAMED."

ASSIGNMENT OF ERROR FIVE

THE TRIAL COURT HAS UNKNOWINGLY ERRED IN BEING UNAWARE THAT INSIDE THE PETITION FOR A JUDICIAL REVIEW OF A FINAL ORDER, THE PETITIONER HAS INCLUDED USAGE OF [CIV.R. 9] REGARDING "SPECIAL MATTERS."

{¶16} We decline to address the remaining assignments of error because our disposition of Mr. Hendy's second assignment of error has rendered them moot. *See* App.R. 12(A)(1)(c).

III.

{¶17} Mr. Hendy's second assignment of error is sustained. We decline to address his first, third, fourth, and fifth assignments of error as they have been rendered moot. The judgment of the Summit County Court of Common Pleas is reversed and remanded.

Judgment reversed and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

CARY HENDY, pro se, Appellant.

WAYNE D. WILLIAMS, Principal Assistant Attorney General, for Appellee.