[Cite as *Copper Creek Lodge, L.L.C. v. Pride One Constr. Servs., L.L.C.*, 2024-Ohio-38.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

COPPER CREEK LODGE, LLC,

    Plaintiff-Appellant,

- vs -

PRIDE ONE CONSTRUCTION
SERVICES, LLC, et al.,

    Defendants-Appellees.

**CASE NO. 2023-P-0093**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2022 CV 00476

---

# M E M O R A N D U M
# O P I N I O N

Decided: January 8, 2024
Judgment: Appeal dismissed

---

*Robert W. McIntyre*, Dinn, Hochman & Potter, LLC, 6105 Parkland Boulevard, Suite 100, Cleveland, OH 44124 (For Plaintiff-Appellant).

*Matthew K. Grasshoff, Eric B. Levasseur, and Aaron S. Evenchik*, Hahn Loeser & Parks, LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114 (For Defendant-Appellee, Pride One Construction Services, LLC.)

*Lori E. Thompson*, Gallagher, Gams, Tallan, Barnes & Littrell, LLP, 471 East Broad Street, 19th Floor, Columbus, OH 43215 (For Defendant-Appellee, Grange Mutual Casualty Company).

MATT LYNCH, J.

{¶1} On November 14, 2023, appellant, Copper Creek Lodge, LLC, filed an appeal from an October 11, 2023 entry in which the trial court granted the motion to stay the matter pending arbitration filed by appellee, Pride One Construction Services, LLC. Pride One moved to dismiss the appeal as untimely and for lack of a final appealable order. Appellant filed a response on December 14, 2023.

{¶2} The appeal is timely. The clerk of courts did not serve notice of the October 11, 2023 entry within the 3-day period as prescribed in Civ.R. 58(B). Therefore, the time to appeal is tolled until the clerk completes service, which has yet to be done, and the appeal is timely. The 30-day time period to file a notice of appeal was tolled regardless of actual knowledge by the parties. *Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.*, 141 Ohio St.3d 542, 546.

{¶3} Now turning to Pride One's contention that the appeal is not final. Pride One posits that this case involves a commercial construction contract as defined by R.C. 2711.02(A) since it involves the construction of an eleven-building apartment complex consisting of more than 180 separate units. Under R.C. 2711.02(D), only an order denying a stay pending arbitration in a commercial construction contract action is a final order.

{¶4} Here, the trial court did not deny, but granted, the motion to stay proceedings pending arbitration; thus, there is no final order pursuant to R.C. 2711.02(D).

{¶5} Based on the foregoing, Pride One's motion to dismiss is hereby granted, notwithstanding the timeliness of the appeal, for a lack of a final order only.

{¶6} This appeal is hereby dismissed for lack of a final appealable order.

JOHN J. EKLUND, J.,

MARY JANE TRAPP, J.,

concur.

2

Case No. 2023-P-0093