[Cite as *Great Lakes Crushing, Ltd. v. Fairport Harbor*, 2025-Ohio-2637.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

GREAT LAKES CRUSHING, LTD.,

Plaintiff-Appellee,

- vs -

VILLAGE OF FAIRPORT HARBOR,

Defendant-Appellant.

**CASE NO. 2025-L-040**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2024 CV 000740

---

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: July 28, 2025
Judgment: Appeal dismissed

---

*O. Judson Scheaf, III*, O.J. Scheaf & Associates, LLC, 4524 Hudson Drive, Stow, OH 44224 (For Plaintiff-Appellee).

*James M. Lyons*, Painesville City Prosecutor, 240 East Main Street, Painesville, OH 44077 (For Defendant-Appellant)

ROBERT J. PATTON, P.J.

{¶1}     On April 16, 2025, appellant, Village of Fairport Harbor, filed an appeal from a March 20, 2025 entry in which the trial court granted appellant's motion to stay the matter and compel arbitration.  Appellee, Great Lakes Crushing, Ltd., moved to dismiss the appeal for a lack of a final appealable order.  Appellant filed a response, and appellee filed a reply in further support of its motion.

{¶2}     In the motion to dismiss, appellant contends that this appeal is not final because it involves a commercial construction contract for the construction of an improvement to real property and only an order denying a stay pending arbitration is a

final order as defined by R.C. 2711.02(D).  This case involves a construction contract to install a new water line along a street in the Village of Fairport Harbor.

{¶3}    Under R.C. 2711.02(D), only an order denying a stay pending arbitration in a commercial construction contract matter is a final order. Pursuant to R.C. 2711.02(A), a "'commercial construction contract' means any written contract or agreement for the construction of any improvement to real property, other than an improvement that is used or intended to be used as a single-family, two-family, or three-family detached dwelling house and accessory structures incidental to that use."  *See Cooper Creek Lodge, LLC v. Pride One Constr. Servs., LLC*, 2024-Ohio-38 (11th Dist.).

{¶4}    This case involves an improvement to real property for the Village of Fairport Harbor. The trial court did not deny but granted the motion to stay proceedings pending arbitration.  Therefore, there is no final order pursuant to R.C. 2711.02(D).

{¶5}    Based upon the foregoing, appellee's motion to dismiss is hereby granted. This appeal is hereby dismissed for lack of a final appealable order.


SCOTT LYNCH, J., concurs,

MATT LYNCH, J., concurs with a Concurring Opinion.


_____


MATT LYNCH, J., concurs with a Concurring Opinion.

{¶6}    I agree that this appeal should be dismissed for lack of a final appealable order.  However, because the majority does not address the true dispute between the parties on this matter, I write separately.

Case No. 2025-L-040

{¶7}    In its March 20, 2025 entry, the trial court ordered that "this matter shall be (i) referred to Arbitration per the terms of the Contract documents, and (ii) that the proceedings in this case are stayed pending the outcome of the Arbitration, and (iii) that the Plaintiff shall file for Arbitration with the American Arbitration Association within the next thirty days and that filing is hereby deemed as timely under the terms of the Contract documents, and (iv) Plaintiff shall provide proof of same to the Court within five (5) days of filing for Arbitration."

{¶8}    As correctly noted by the majority, the order granting the motion to stay proceedings pending arbitration is not final and appealable under R.C. 2711.02(D) ("If an action is brought under division (B) of this section upon any issue referable to arbitration under an agreement in writing for arbitration that is included in a commercial construction contract, an order under that division that *denies* a stay of a trial of the action pending arbitration . . . is a final order and may be reviewed . . . on appeal . . . .") (emphasis added).

{¶9}    Appellant contends, however, that the restriction found in R.C. 2711.02(D) does not apply here because it is not appealing the trial court's order granting its motion to stay pending arbitration.  Instead, appellant states that it is appealing the trial court's order—in the same judgment entry—that appellee shall file for arbitration within 30 days and "that filing is hereby deemed as timely under the terms of the Contract documents." According to appellant, appellee did not file a demand for arbitration within the time provided in the contract and the trial court has usurped the arbitrator's authority to decide the issue of timeliness.  Appellant claims, therefore, that the March 20, 2025 entry is final and appealable under R.C. 2505.02(B)(2) because arbitration is a "special proceeding" and the order has affected appellant's "substantial right" to have the claim dismissed by

the arbitrator on the procedural basis of untimeliness.

{¶10} Appellee responds that appellant cannot "carve out" one line from the judgment entry to suggest that it is a final appealable order and, regardless, that the timeframe directive is obiter dictum.

{¶11} It is a well-established principle that once it is determined by a court "'that the parties are obligated to submit the subject matter of a dispute to arbitration, "procedural" questions which grow out of the dispute and bear on its final disposition [are to] be left to the arbitrator.'" *Council of Smaller Ents. v. Gates, McDonald & Co.*, 80 Ohio St.3d 661, 669 (1998), quoting *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 556-557 (1964). One such "procedural" question that falls under the arbitrator's jurisdiction includes a dispute over whether an arbitration demand was timely. *Id.* at 668-669; *see also Youngstown Professional Firefighters v. Youngstown*, 2024-Ohio-940, ¶ 25-27 (7th Dist.).

{¶12} Accordingly, the arbitrator is charged with determining this issue de novo pursuant to the terms of the parties' contract and agreement to arbitrate. *See Bd. of Library Trustees v. Ozanne Constr. Co.*, 100 Ohio App.3d 26, 31 (8th Dist. 1995). As such, the trial court's order has not affected appellant's substantial right to have its claim dismissed by the arbitrator on this basis, and the trial March 20, 2025 entry is not a final appealable order under R.C. 2505.02(B)(2).

Case No. 2025-L-040

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that appellee's motion to dismiss is granted.  This appeal is hereby dismissed for lack of a final appealable order.

Costs to be taxed against appellant.

_____
PRESIDING JUDGE ROBERT J. PATTON

_____
JUDGE SCOTT LYNCH,
concurs

_____
JUDGE MATT LYNCH,
concurs with a Concurring Opinion

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---